ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta
JUN 28 2017
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | UNDER SEAL |
|---|---|
| v. | Criminal Indictment |
| JARED WHEAT, JOHN BRANDON SCHOPP, AND HI-TECH PHARMACEUTICALS, INC. | No. 1:17-CR-0229 |

THE GRAND JURY CHARGES THAT:

### Count One
Conspiracy to Commit Wire Fraud
(18 U.S.C. § 1349)

1. Beginning in or about March 2011, and continuing to on or about at least July 17, 2012, the exact dates being unknown, in the Northern District of Georgia and elsewhere, the defendants, JARED WHEAT, JOHN BRANDON SCHOPP, and HI-TECH PHARMACEUTICALS, INC., did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with other persons known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, and by the omission of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, causing interstate wire communications

to be made in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Background

2. The United States Food and Drug Administration ("FDA") is the federal agency charged with the responsibility of protecting the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 301-399f ("FDCA"). The FDA ensures, among other things, that drugs are safe and effective for their intended uses and that drugs and foods bear labeling containing true and accurate information. The FDA's responsibilities under the FDCA include regulating the manufacturing, labeling, and distribution of all drugs and foods shipped or received in interstate commerce.

3. HI-TECH PHARMACEUTICALS, INC. ("HI-TECH") is a company incorporated in Georgia. HI-TECH manufactures and sells dietary supplements, which are regulated as a "food" by the FDA.

4. JARED WHEAT owns and operates HI-TECH. WHEAT serves as the Chief Executive Officer, Chief Financial Officer, and Secretary for HI-TECH.

5. JOHN BRANDON SCHOPP worked as the Director of Contract Manufacturing for HI-TECH.

## Export Certificates

6. Businesses that export products from the United States are sometimes requested by foreign customers to supply "export certificates" for FDA-regulated

products. The FDA is not required by law to issue export certificates, although it does provide this service as agency resources permit.

7. Upon application by a food manufacturer, the FDA's Center for Food Safety and Nutrition ("CFSAN") will issue a "Certificate of Free Sale" for a particular food product, including a dietary supplement, indicating that the food product is marketed in the United States and eligible for export if certain statutory provisions are met.

Current Good Manufacturing Practice Compliance

8. Under the FDCA, a dietary supplement is deemed adulterated if it has been prepared, packed, or held under conditions that do not meet current good manufacturing practice ("GMP") regulations. Because the FDA does not "certify" that dietary supplement manufacturers comply with current GMP regulations, in some instances dietary supplement manufacturers will seek GMP audit reports and certificates from third-party independent companies or bodies. Such GMP audit reports and certificates are sought by dietary supplement manufacturers as a means to, among other things, substantiate the quality of their products. In addition, some foreign countries will not allow the importation of dietary supplements from the United States without documentation that the dietary supplement manufacturer is GMP compliant.

Manner and Means

9. Defendants WHEAT, SCHOPP and HI-TECH sought to enrich themselves unjustly by distributing to prospective and current customers, via email, false, fraudulent, and misleading documents and representations

regarding the regulatory compliance of HI-TECH and its products, including false, fraudulent, and misleading FDA Certificates of Free Sale, GMP certificates, and GMP audit reports.

10. Defendants WHEAT and SCHOPP caused false and fraudulent documents purporting to be FDA Certificates of Free Sale to be delivered via email to customers and prospective customers of defendant HI-TECH. In fact, the FDA had not issued Certificates of Free Sale to defendant HI-TECH on the dates listed for the products identified therein. The purported Certificates of Free Sale transmitted via email by defendants WHEAT and SCHOPP contained unauthorized signatures of government officials, as well as unauthorized government agency seals, to make them appear legitimate.

11. Defendants WHEAT and SCHOPP caused false and fraudulent GMP certificates and audit reports from a purported third-party independent auditor, "PharmaTech", to be delivered via email to customers and prospective customers of defendant HI-TECH. For example, a GMP certificate delivered via email to customer M.M. on or about July 17, 2012, contained a forged and unauthorized signature of an individual with initials G.G., who was falsely identified on the certificate as a "General Manager" for PharmaTech. In fact, G.G. never worked for PharmaTech. In addition, the email communication to customer M.M. contained a material omission in that it failed to disclose that PharmaTech was not an independent third-party auditor of HI-TECH, but was actually operated and controlled by defendant WHEAT himself.

All in violation of Title 18, United States Code, Section 1349.

## Counts Two Through Three
Wire Fraud
(18 U.S.C. §§ 1343 and 2)

12. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth above in paragraphs 1 through 11 as if fully set forth herein.

13. Beginning in or about March 2011, and continuing to on or about at least July 17, 2012, the exact dates being unknown, in the Northern District of Georgia and elsewhere, defendants JARED WHEAT, JOHN BRANDON SCHOPP, and HI-TECH PHARMACEUTICALS, INC., aided and abetted by each other and others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, and by the omission of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

14. On or about the dates listed below for each count, in the Northern District of Georgia and elsewhere, defendants WHEAT, SCHOPP, and HI-TECH, aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses and representations, and by the omission of material facts, did, with intent to defraud, cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs,

signals and sounds, that is, the following email communications to a customer of HI-TECH identified by initials below:

| COUNT | DATE (on or about) | WIRE COMMUNICATION |
|---|---|---|
| 2 | 7/17/2012 | Email from defendant WHEAT to customer M.M. transmitting false GMP certificate from PharmaTech |
| 3 | 7/17/2012 | Email from defendant WHEAT to customer M.M. transmitting false GMP audit report from PharmaTech |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Count Four
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

15. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth above in paragraphs 1 through 11 as if fully set forth herein.

16. Beginning in or about March 2011, and continuing to on or about at least July 25, 2012, the exact dates unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the defendants, JARED WHEAT and HI-TECH PHARMACEUTICALS, INC., did knowingly combine, conspire, and agree with each other and with others, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1957, to wit: to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value

greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343; in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

### Count Five Through Nine
Money Laundering
(18 U.S.C. §§ 1957 and 2)

17. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth above in paragraphs 1 through 11 as if fully set forth herein.

18. On or about the dates listed below for each count, in the Northern District of Georgia and elsewhere, the defendants, JARED WHEAT and HI-TECH PHARMACEUTICALS, INC., aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, as described below, each such transaction knowingly involving criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1343, each transaction constituting a separate count as set forth below:

| COUNT | DATE (on or about) | MONETARY TRANSACTION |
|---|---|---|
| 5 | 6/28/2012 | Check #2080 issued from Chase Bank Account *0562 in the name of Affiliated Distribution to defendant WHEAT in the amount of $600,000 |
| 6 | 7/6/2012 | Check #2112 issued from Chase Bank Account *0562 in the name of Affiliated Distribution to defendant WHEAT in the amount of $350,000 |
| 7 | 7/12/2012 | Transfer of $39,080.86 by defendant WHEAT from Chase Bank Account *0562 in the name of Affiliated Distribution to Fifth Third Bank Account in the name of Elite Manufacturing |
| 8 | 7/19/2012 | Transfer of $42,065.87 by defendant WHEAT from Chase Bank Account *0562 in the name of Affiliated Distribution to Fifth Third Bank Account in the name of Elite Manufacturing |
| 9 | 7/25/2012 | Transfer of $44,000.00 by defendant WHEAT from Chase Bank Account *0562 in the name of Affiliated Distribution to Fifth Third Bank Account in the name of Elite Manufacturing |

All in violation of Title 18, United States Code, Sections 1957 and 2.

### FORFEITURE PROVISION

19. Upon conviction of one or more of the offenses alleged in Counts One through Three of this Indictment, the defendants, JARED WHEAT, JOHN BRANDON SCHOPP, and HI-TECH PHARMACEUTICALS, INC., shall forfeit to the United States any property, real or personal, which constitutes or is derived from gross proceeds traceable to such violations, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), including but not limited to a money judgment in the amount of the proceeds of the offenses.

20. In addition, as a result of committing one or more of the money laundering offenses alleged in Counts Four through Nine of this Indictment, in violation of Title 18, United States Code, Sections 1956(h) and 1957, the defendants, JARED WHEAT and HI-TECH PHARMACEUTICALS, INC., shall forfeit to the United States any and all property, real or personal, involved in such offenses and all property traceable to such offenses, pursuant to Title 18, United States Code, Section 982(a)(1), including, but not limited to a money judgment in the amount of the proceeds of the offenses.

21. If, as a result of any act or omission of the defendants, JARED WHEAT, JOHN BRANDON SCHOPP, and HI-TECH PHARMACEUTICALS, INC., property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred to, sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property, which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United

States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

A ___TRUE___ BILL

_____
FOREPERSON

JOHN A. HORN
   *United States Attorney*

*/s/ Steven D. Grimberg*

Steven D. Grimberg
   *Assistant United States Attorney*
   Georgia Bar No. 312144

600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181