IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Action No. |
| JARED WHEAT, JOHN BRANDON SCHOPP, AND HI-TECH PHARMACEUTICALS, INC. | 1:17-CR-0229-AT |
| DEFENDANTS. | |

## RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR RELEASE OF SEIZED ASSETS

The United States of America, by Byung J. Pak, United States Attorney, and Kelly K. Connors, Assistant United States Attorney for the Northern District of Georgia, files this Response to Defendants' Emergency Motion for Release of Seized Assets.

## FACTS AND PROCEDURAL HISTORY

This criminal case arises out of a U.S. Food and Drug Administration investigation of Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), a company that manufactures and sells dietary supplements, among other products. On September 28, 2017, a grand jury returned a superseding indictment against

Hi-Tech, Jared Wheat, who is an owner of Hi-Tech, and John Brandon Schopp, who is Hi-Tech's Director of Contract Manufacturing ("Defendants").  [Doc. 7]. The indictment charges all three Defendants with conspiracy to commit wire fraud and wire fraud, and it charges Wheat and Hi-Tech with money laundering conspiracy, money laundering, conspiracy to introduce misbranded drugs into interstate commerce, introducing misbranded drugs into interstate commerce, conspiracy to manufacture and distribute controlled substances, and manufacturing and distributing controlled substances.  [*Id.* at 1-15].   The indictment also contains a forfeiture provision, stating that upon conviction of one or more offense, the Defendants will forfeit any proceeds or property that was involved in or is traceable to the offenses.  [*Id.* at 16-18].

On October 3, 2017, Magistrate Judge Alan J. Baverman authorized seizure warrants for two Hi-Tech bank accounts, Touchmark National Bank account number XXXXXX0855 and Bank of America account number XXXXXX1840. [Doc. 36, Exhibits A & B].  Judge Baverman found that the affidavits in support of the seizure warrants established probable cause to believe the funds were subject to civil and criminal forfeiture.  [*Id.*].  Importantly, the seizure warrant applications cited both criminal and civil statutory provisions for forfeiture.  [*Id.*].

2

The following day, October 4, 2017, agents executed the seizure warrants. The Government subsequently received two checks, one from Touchmark for $1,810,490.34, and one from Bank of America for $1,649,836.96.

The Defendants then filed an Emergency Motion for Release of Improperly Seized Assets pursuant to Fed. R. Civ. P. 41(g).[1]  [Doc. 36].  The Defendants make numerous arguments for the return of the seized funds and request a hearing.  The Defendants also contend that the Government wrongfully seized $424,009.85 from the Bank of America account on October 12, 2017, eight days after the seizure warrant was executed.  [*Id.* at 9, 33-35].

After the Defendants filed the instant motion, the Government contacted Bank of America regarding the amount seized.  Bank of America informed the Government that the check sent included $424,009.85 in funds that had been deposited into Hi-Tech's account after the day the warrant was executed.  Because

---

[1] The motion was filed on behalf of all three Defendants, but the funds at issue were seized from Hi-Tech's bank accounts.  Thus, neither Wheat nor Schopp have standing to contest the seizures.

In addition, the Defendants erroneously filed the instant motion in the criminal action. When a Rule 41(g) motion is filed *before* the Government commences a forfeiture action against the seized property, the motion is treated as a separate action against the United States.  *Nottoli v. United States,* 2013 WL 5423586 (E.D. Cal. Sept. 26, 2013).

the Government was not provided notification of the balance of the account when the seizure warrant was executed, the Government accepted the single check sent by Bank of America in good faith.  At this time, the Government is not pursuing civil or criminal forfeiture of the excess funds and intends to release the $424,009.85 to Hi-Tech.

In this case, the Government has now filed a bill of particulars, specifically listing the seized funds as assets subject to forfeiture upon conviction.  [Doc. 41]. The bill of particulars does not include the $424,009.85 that was improperly sent to the Government.  [*Id.*].  Moreover, the Government has filed a parallel civil forfeiture action against the same funds, alleging that they are subject to forfeiture. *See United States v. $1,810,490.34 Seized from Touchmark Nat'l Bank Acct No. XXXXXX0855, et al.*, Civil Action No. ___ (N.D. Ga. Nov. 6, 2017).  As will be shown below, because the Government initiated a civil forfeiture action, which provides due process to Hi-Tech, the motion for release of seized assets is now moot and should be denied.

4

## ARGUMENT AND CITATION OF AUTHORITY

### A. The Court Lacks Jurisdiction over the Defendants' Rule 41(g) Motion.

Because the Government has initiated a civil forfeiture action, as well as included the funds in a bill of particulars, the Defendants' motion is moot. Rule 41(g)[2] states, in pertinent part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."   It is well-established law in the Eleventh Circuit that a Rule 41(g) motion for return of property does not apply to property that is subject to forfeiture.  *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999); *United States v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997); *Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1544 (11th Cir. 1990) ("Rule 41[(g)] . . . is expressly inapplicable to forfeiture of property in violation of a statute of the United States.").  Once the Government has filed a civil forfeiture

---

[2] Rule 41(g) was formerly Rule 41(e).  The rules were re-designated in 2002 without substantive change.  Thus, courts apply case law on former Rule 41(e) to the current Rule 41(g*). See De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006).

action against the seized funds, alleging that the funds are subject to forfeiture,[3] a Rule 41(g) motion is not the proper remedy to obtain the release of seized property.

The Court lacks jurisdiction because Hi-Tech (as well as Wheat or Schopp if they can establish standing) has an adequate remedy at law to seek the return of the seized funds.  Exercising equitable jurisdiction over a Rule 41(g) motion is "highly discretionary and must be exercised with caution and restraint." *Eubanks*, 169 F.3d at 674.  Where an adequate remedy at law exists, courts cannot exercise equitable jurisdiction.  *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  Courts have held that a pending civil or criminal forfeiture proceeding affords "an adequate remedy at law and thereby justifies dismissal of the Rule 41(g) motion." *Almeida v.*

---

[3] The fact that the civil forfeiture proceeding was commenced following the filing of the Rule 41(g) motion has no bearing on this Court's lack of jurisdiction to consider the motion.  *See United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1234 (9th Cir. 1988) (affirming the denial of a Rule 41(g) motion based on the subsequent filing of a civil forfeiture action, observing that the movant apparently "was successful in triggering the instant filing of a forfeiture proceeding wherein she could assert her right to a return of her property"); *Matter of $49,065.00 in U.S. Currency*, 694 F. Supp. 1559, 1560 (N.D. Ga. 1987) (denying a Rule 41(g) motion because the movant would be able to challenge the seizure in a later filed civil forfeiture action); *Return of Seized Prop. v. United States*, 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009) ("[A] Rule 41(g) motion is properly denied once a civil forfeiture action has been filed"); *In re Seizure of One Blue Nissan Skyline Auto.*, 2009 WL 3488675, at *1 (C.D. Cal. 2009) (denying a Rule 41(g) motion after a civil forfeiture action was filed).

*United States*, 459 F.3d 377, 382 (2d Cir. 2006) (citing opinions from various circuits); *see also United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000) (noting that "a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property").  Moreover, the only appropriate use of a Rule 41(g) motion to seek the return of property in a forfeiture case is where no forfeiture proceedings were ever commenced.  *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g), motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property.").

Here, to seek the return of all of the seized funds, Hi-Tech's appropriate remedy would be to file a claim in the civil forfeiture proceedings following the procedures established in 18 U.S.C. § 983.  *See United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989) ("It is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41[(g)] Motion, but filing a claim in the civil forfeiture action.").  Further, if the Defendants are convicted, they can challenge the forfeitability of the seized funds in the

forfeiture phase of the criminal proceedings.  Like the civil forfeiture proceedings initiated as to the seized funds, the criminal forfeiture proceedings are a sufficient remedy at law to defeat this Court's jurisdiction to consider the Rule 41(g) motion. *See De Almeida*, 459 F.3d at 382 (holding that Rule 41(g) motion offered the petitioner no advantage over the criminal forfeiture proceedings); *Chaim v. United States*, 692 F. Supp. 2d 461, 474 (D.N.J. 2010) (stating that a criminal proceeding presents a petitioner with an adequate remedy at law to seek a return of the seized funds).

Next, to the extent that the Defendants seek return of a portion of the seized funds for attorneys' fees, a Rule 41(g) motion is not the appropriate mechanism for such a request.  Finally, to the extent the Defendants seek return of the property to maintain Hi-Tech's business, the appropriate remedy would be to file a motion for release of seized assets pursuant to 18 U.S.C. § 983(f), which provides the exclusive remedy for pretrial release of certain assets and only applies under limited

circumstances.[4]   However, that remedy is not available in this case because the entire business was not seized.  *See* 18 U.S.C. § 983(f)(8) (specifically prohibiting the release of "currency, or other monetary instrument, or electronic funds unless currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized").  Moreover, due to the release of the $424,009.85, Hi-Tech has received at least some of the relief that it requested and cannot establish hardship.

### B. The Defendants' Probable Cause Challenge is Inappropriate in a Rule 41(g) Motion, and a Probable Cause Hearing is Not Warranted.

In their motion, the Defendants make numerous arguments regarding probable cause and they contend that the affidavit in support of the seizure warrants was insufficient.  [Doc. 36 at 13-14, 20-37].  The Defendants also contend

---

[4] Under § 983(f), a claimant "is entitled to immediate release of seized property" if certain requirements are met. In particular, a claimant must demonstrate that: (1) he has a possessory interest in the property; (2) that he has sufficient ties to the community to ensure the property will be available for trial; (3) that if the Government maintains possession of the property, the claimant will suffer substantial hardship; and (4) that the substantial hardship "outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant." *Id.* The Defendants have not attempted to meet this standard in their instant motion.  [*See* Doc. 36].

that a hearing is necessary "to assess the likelihood that the seized property actually constitutes or is derived from proceeds of the alleged illegal activity or was used to facilitate the commission of the offense." [Doc. 36 at 38]. Further, they contend that a hearing is necessary to protect against Government overreaching. [*Id.* at 39].

As previously indicated, the Defendants erroneously filed this motion for return of property in the criminal case, when it should have been filed as a separate action. Along the same vein, the Defendants erroneously focus on the criminal indictment as the benchmark for the seizure and forfeiture of the seized funds. Although some of the facts used to support the seizure warrant application overlap the charges alleged in the criminal indictment, the seizure warrants and civil forfeiture case are independent of the criminal action, rather than inextricably intertwined proceedings as the Defendants attempt to argue. Thus, the Defendants exhaustive emphasis on the charges in the criminal action are misplaced. Indeed, the Government could have initiated a civil forfeiture action against the funds without the Government ever filing a criminal indictment. *See United States v. $734,578.82 in U.S. Currency*, 286 F.3d 641, 657 (3d Cir. 2002) (civil forfeiture is an *in rem* action against the property itself; the forfeiture is "not

10

conditioned upon the culpability of the owner of the defendant property"). Neither the seizure warrants nor the civil action are predicated exclusively on the criminal indictment, and the Defendants arguments to the contrary are entirely without merit and do not provide any justification for their requested release of funds.

Moreover, even though the Defendants couch their arguments in terms of probable cause, many of their arguments directly challenge the ultimate forfeitability of the funds, which is premature. But, as discussed above, immediately before the seizure of the funds on October 4, 2017, Judge Baverman issued the seizure warrants for Hi-Tech's bank accounts and explicitly found that the Government established probable cause to believe that the funds were subject to seizure and civil and criminal forfeiture.[5] [Doc. 36, Exhibits A & B]. A hearing now to reconsider Judge Baverman's finding of probable cause is not warranted. *See United States v. Any & all Funds on Deposit in Account No. 0139874788, at Regions*

---

[5] Further, despite the Defendants' assertion to the contrary, the seizure warrant applications make clear that the Government was seeking the seizure of "any and all funds" in the bank accounts. Thus, the language of the application itself supports that Judge Baverman found that all of the funds were subject to seizure and forfeiture.

*Bank, held in the name of Efans Trading Corp.*, 2015 WL 247391, at *14 (S.D.N.Y. 2015) (denying a request for a post-seizure probable cause hearing and concluding that a claimant has no right to a probable cause hearing as to property seized after a magistrate judge found probable cause and issued a seizure warrant).  Contrary to the Defendants' arguments that the Government may only seek forfeiture of $1,148.75 as proceeds of the undercover purchases, under 18 U.S.C. § 981(a)(1), the Government may seek civil forfeiture of "[a]ny property, real or personal, *involved in* a transaction or attempted transaction in violation of section 1956 . . .  or any property traceable to such property."  18 U.S.C. § 981(a)(1) (emphasis added); *see United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (affirming the forfeiture of entire bank accounts, even though the accounts contained legitimate funds, because the bank accounts were used to facilitate the violations and were therefore "involved in" the money laundering offenses).  As such, the Defendants' challenge to the probable cause finding is inappropriate in a Rule 41(g) motion, and their request for a hearing should be denied.

### C.  A Hearing Regarding Using Seized Funds for Attorney's Fees is Not Required Because the Defendants Have Not Attempted to Meet the Initial Burden.

The Defendants also request a hearing to examine "Hi-Tech's ability to conduct its business and defend itself from these improper seizures and the

criminal charges."   [*Id.* at 40].   However, a hearing is not warranted, as the Defendants have not met, nor even attempted to meet, their initial burden.

Again, like the other arguments and requests made by the Defendants, their arguments regarding the return of seized funds to pay attorneys' fees are inappropriate in a Rule 41(g) motion.  Moreover, because Wheat and Schopp do not have standing to contest the seizure and forfeiture of funds seized from Hi-Tech, they likewise have no standing to request that the funds be released to pay for their attorneys' fees.

Further, even if this Court were able to entertain Hi-Tech's request for the return of seized assets to pay for attorneys' fees, Hi-Tech has failed, as a threshold matter, to adequately demonstrate its inability to afford its counsel of choice, as required by *United States v. Kaley*, 579 F.3d 1246 (11th Cir. 2009).  A defendant is not automatically entitled to a hearing when the defendant simply claims that the pretrial restraint of assets has affected his ability to pay his counsel of choice. *Kaley*, 579 F.3d at 1252.  To the contrary, the court's language in *Kaley* makes clear that "a defendant whose assets are restrained pursuant to a criminal forfeiture charge in an indictment, *rendering him unable to afford counsel of choice*," is the only category of defendant potentially entitled to a hearing.  *Id.* (emphasis added).

The Eleventh Circuit's view of financial need as a threshold matter is consistent with the well-established line of cases known as *Jones-Farmer*, which collectively require defendants to make a preliminary showing of significant hardship before they are entitled to any post-indictment hearing regarding asset restraint.  *See United States v. Jones*, 160 F.3d 641 (10th Cir. 1998); *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001).  In *Jones*, the Tenth Circuit concluded that "the proper balance of private and government interests requires a postrestraint, pre-trial hearing but only upon a properly supported motion by a defendant."  160 F.3d 641, 647 (10th Cir. 1998).  The court further explained that "[a]s a preliminary matter, a defendant must demonstrate to the court's satisfaction that she has no assets, other than those restrained, with which to retain private counsel and provide for herself and her family."  *Id.*  In *Farmer*, the Fourth Circuit likewise held that a defendant is entitled to a pretrial hearing only if he makes "a threshold showing of need to use wrongly seized assets to pay his attorneys."  274 F.3d 800, 804 (4th Cir. 2001).  The court reasoned that a defendant's "private interest" in obtaining a pre-trial hearing with respect to seized assets would be absent if the defendant "possessed the means to hire an attorney independently of assets that were seized."  *Id.*

14

Here, in addition to the fact that Hi-Tech has already retained counsel, Hi-Tech has not provided proof regarding a lack of available assets.  Rather, all three Defendants prematurely attempt to challenge the connection of the seized assets to the offenses, and they allege that the seizures are "jeopardizing" their ability to afford counsel when all have retained counsel.  Also, rather than asserting they have no other available assets, they simply argue that a hearing would afford them the opportunity to show the extent the seizure is impacting Hi-Tech's ability to defend itself.  [Doc. 36 at 3, 40].  Such is not the standard, and for Hi-Tech, since $424,009.85 will be returned by the Government, it cannot show financial need.  Accordingly, no hearing regarding the ability to afford counsel is warranted.

## <u>CONCLUSION</u>

Based on the forgoing, the Court should deny the Defendants' motion for release of seized funds.

Dated this 6th day of November 2017.

15

Respectfully submitted,


BYUNG J. PAK
    *United States Attorney*
    *600 U.S. Courthouse*
    *75 Ted Turner Drive SW*
    *Atlanta, GA 30303*
    *(404) 581-6000  fax (404) 581-6181*


/s/KELLY K. CONNORS
    *Assistant United States Attorney*
    Georgia Bar No. 504787
    Kelly.Connors@usdoj.gov

16

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/   KELLY K. CONNORS
*Assistant United States Attorney*

17

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

/s/   KELLY K. CONNORS
*Assistant United States Attorney*