# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JARED WHEAT, <br> JOHN BRANDON SCHOPP, AND <br> HI-TECH PHARMACEUTICALS, INC., <br><br> Defendants. | No. 1:17-CR-0229 |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION FOR RELEASE OF IMPROPERLY SEIZED ASSETS

COME NOW, Jared Wheat, John Brandon Schopp, and Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") (collectively "Defendants"), by and through their undersigned counsel, and, pursuant to Fed. R. Crim. P. 41(g), file this Reply Brief in Support of Their Emergency Motion for Release of Improperly Seized Assets and Brief in Support, Doc. 36. In support of this reply, Defendants respectfully show this Court as follows:

I. **THE GOVERNMENT'S RESPONSE AND CIVIL COMPLAINT**

Noticeably absent from the Government's response, Doc. 42, to Defendants' Emergency Motion for Release of Improperly Seized Assets ("emergency motion") is any argument or factual analysis that the Government had probable cause to seize over $3 million in funds. Indeed, instead of even attempting such an argument, the Government simply cited the existence of the warrants, dedicating a significant portion of its response to explaining that this Court has no jurisdiction over Defendants' emergency motion due to the bill of particulars filed in the criminal case, Doc. 41, and the Government's civil forfeiture action – filings which set forth no new evidence from that already in the indictment and warrant affidavit.[1] Doc. 41; EXHIBIT A, attached to this reply, *United States v.*

---

[1] The Government failed to relate the civil forfeiture case to Judge Totenberg on its Civil Cover Sheet, and Judge Pannell has been assigned by the clerk. *See* EXHIBIT B, attached to this reply, *United States v. $1,810,490.34 Seized from Touchmark Nat'l Bank Account Number XXXXXX0855*, et al., Civil Action File No. 1:17-cv-04442-CAP, Doc. 1-2. Defendants will be filing a motion to transfer the related civil forfeiture case to Judge Totenberg as provided for by the Northern District of Georgia's civil cover sheet, which provides that for purposes of assignment, cases are related whenever the later-filed case involves:

>   (1) *Property included in an earlier numbered pending suit*[ or]
>   (2) *The same issue of fact or arises out of the same event or transaction included in an earlier numbered pending suit* …

*$1,810,490.34 Seized from Touchmark Nat'l Bank Account Number XXXXXX0855, et al.*, Civil Action File No. 1:17-cv-04442-CAP, Doc 1. In essence, the Government claims that these filings constitute a so called "trump card" to Defendants' emergency motion, such that all litigation over the subject bank accounts must be directed to the civil forfeiture case. In doing so, however, the Government effectively ignores that at the time Defendants filed the motion at bar, the Government had not yet filed either its bill of particulars or its civil forfeiture complaint. The motion was therefore entirely proper and within this Court's jurisdiction when filed, contrary to what the Government implies in its response. Further, Defendants respectfully disagree that this Court does not have jurisdiction over the issues raised in this emergency motion, and submit that the legal question to be answered, and the standard to be applied by the Court, remains the same.

The procedure for seizing or restraining property in a criminal or civil case is set out in detail in 21 U.S.C. § 853(e) and (f). The Government's ham-handed method for gaining access to the total amount of funds in Hi-Tech's operating accounts does not begin to comply with these statutory provisions. Section 853(f) provides that the Government can seek a seizure warrant in the same fashion as a

---

*Id*. *See also Cassells v. Hill*, 2008 WL 11336886, at *2 (N.D.Ga. June 24, 2008) (citing Rule 905-2(a), Northern District of Georgia Internal Operating Procedures) (emphasis added).

search warrant, but includes a provision that the Government has completely ignored here: *"If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture* and that an order under subsection (e) of this section [relating to protective orders] may not be sufficient to assure the availability of the property for forfeiture, *the court shall issue a warrant authorizing the seizure of such property."* (Emphasis added). While the Government apparently sought the seizure warrant under the provisions of Fed. R. of Crim. P. 41(e), this provision of § 853(f) must also be observed because the seizure relates to "property."[2]

Thus, the criminal forfeiture statute calls for the very analysis Defendants set out in their initial emergency motion; that is, an analysis of the amount the Government can show "would, in the event of conviction, be subject to forfeiture" (*i.e.*, was "tainted," or involved in the charged violation), as the seizure should be limited to that amount. Review of the affidavit in support of the seizure warrants for the bank accounts shows that the Government proffered no evidence supporting probable cause with respect to any particular amount of money in the accounts being tainted. The warrant application simply sought "any and all funds

---

[2] The Court will note that the civil and criminal forfeiture statutes parallel one another in every respect except with respect to the provision applicable to seizure warrants found in 21 U.S.C. § 853(f). *Compare* 18 U.S.C. § 983(j) (the civil forfeiture statute) *with* 21 U.S.C. § 853(e) (the criminal forfeiture statute).

maintained" in the accounts. Magistrate Judge Baverman, in turn, made no finding with respect to any particular amount being subject to seizure. Simply put, the Government overreached in its seizure warrant applications, seized an amount far in excess of what could possibly be justified under § 853(f), and then, when confronted with the fact that it did not meet § 853(f)'s requirements, filed a civil forfeiture action for the millions seized in a similarly unjustifiable manner. The Government's problem is that forfeiture law does not allow what it has done, and now it claims that Hi-Tech has no remedy other than litigating both the criminal case and the civil case, which the Government will likely move to stay.

Additionally, in some districts, the Government alleges the specific property to be forfeited in the forfeiture notice section of the indictment. With a finding of probable cause by the grand jury come certain benefits for the Government in terms of their continued possession of seized assets. In this case, however, 21 U.S.C. § 853(e)(1)(A) provides no help to the Government because the grand jury did not make any findings with regard to the funds seized.

## II.    THE GOVERNMENT'S PATTERN OF OVERREACHING

Defendants concede that the filing of the civil forfeiture case creates an impediment to this Court's ability to release all or a portion of the subject funds at this time. That being said, Defendants are compelled to note that the filing of the

civil forfeiture case, similar to the overbroad seizure warrant applications, represents only one of several examples of the Government's egregious overreaching in this case – overreaching designed to punish Hi-Tech and put it out of business despite the fact Hi-Tech is presumed innocent, and despite the fact that Hi-Tech conducts indisputably legitimate business. For instance, and as will be set forth in future filings by Defendants, in addition to seizing millions in "any and all funds," tainted or untainted, from Hi-Tech, the Government has:

- Coerced Mr. Wheat and Hi-Tech into a bond condition preventing them from manufacturing and selling DMAA, Doc. 19, despite the fact that DMAA is not involved in the indictment;

- Seized 109 pallets of DMAA-containing product from Hi-Tech, valued at roughly $19 million retail which, again, is not involved in the indictment. The Government also seized this property despite representations in a prior civil forfeiture action that they would not seize additional DMAA from Hi-Tech. (While Assistant United States Attorney Grimberg has indicated that this seizure was for evidence, this contention is preposterous in light of the quantity of material seized);

- Seized approximately $1 million in materials and product that bear no relation to the allegations in the indictment; and

- Abusively obtained and mishandled years' worth of Mr. Wheat's personal emails, including those representing daily, privileged communications with various lawyers for Hi-Tech and Mr. Wheat. Indeed, the Government has had these emails in its possession for a number of years with no apparent or disclosed attempt to isolate and protect these privileged communications.

Simply put, the Government has treated the narrow indictment in this case as conferring carte blanche to do whatever it takes to put Hi-Tech out of business, irrespective of the protections the law affords to Hi-Tech.

Hi-Tech intends to address these issues in appropriate motions as it did with respect to the millions of dollars seized through the Motion at bar. The absence of probable cause, the deprivation of Hi-Tech and Mr. Wheat's property rights, the lack of any nexus between the Government's actions and the charges against the Defendants, and the inappropriately punitive nature of the Government's actions permeate the conduct outlined above as well as the Government's seizure of funds at issue, such that this Motion and the forthcoming motions should all be considered by this Court and, to some extent, in conjunction with one another.

### III. CONCLUSION

Given the foregoing, and the fact that Hi-Tech's emergency motion preceded the Government's recent filings, Hi-Tech respectfully requests that this Court hold Defendants' emergency motion in abeyance until all relevant motions are before the Court and the final assignment of the civil forfeiture case has been decided.

This 9th day of October, 2017.

                                          Respectfully submitted,

/s/ *Bruce H. Morris*
Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White, LLP
340 Peachtree Road NE
2540 Tower Place
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
 *Counsel for Defendant*
 *Jared Wheat*

/s/ *James K. Jenkins*
James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
 *Counsel for Defendant*
 *Jared Wheat*

/s/ *Arthur W. Leach*
Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
 *Counsel for Defendant*
 *Hi-Tech Pharmaceuticals, Inc.*

/s/ *W. Carl Lietz, III*
W. Carl Lietz, III
Georgia Bar No. 452080
Kish & Lietz, P.C.
1700 South Tower
225 Peachtree Street, NE
Atlanta, Georgia 30303
404-588-3991
Carl@Law-KL.com
 *Counsel for Defendant*
 *John Brandon Schopp*

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing "Defendants' Reply Brief in Support of Their Emergency Motion for Release of Improperly Seized Assets" into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

This 9th day of October, 2017.

>/s/ Arthur W. Leach
>Arthur W. Leach
>Georgia Bar No. 442025
>*Counsel for Defendant Hi-Tech Pharmaceuticals, Inc.*