**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CR-229-AT-CMS |
| | ) | |
| JARED WHEAT, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JARED WHEAT AND HI-TECH PHARMACEUTICAL'S
MOTION FOR A BILL OF PARTICULARS
AND MEMORANDUM OF LAW IN SUPPORT**

COME NOW Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), by and through their undersigned counsel, and respectfully move this Court pursuant to Fed. R. Crim. P. 7(f) to enter an Order directing the Government to file a bill of particulars in response to the requests set out below. In support of this motion, Defendants respectfully show this Court the following:

**I. INTRODUCTION**

In accordance with the Standing Order of this Court, Defendants previously informally requested the Government to provide the information sought in this motion. In response, the Government provided the identity of all persons whom the Government contends are unindicted co-conspirators and aiders and abettors.

(correspondence from AUSA Nathen P. Kitchens dated February 1, 2018). Defendants accept the Government's representation and, therefore, will not re-ask for that information. Defendants, however, seek a representation from the Government that the information contained in the letter of February 1, 2018 is equivalent to a bill of particulars. The requests set out below seek information that has not been provided by the Government either formally or informally.

## II. ARGUMENT AND CITATION OF AUTHORITIES

Federal Rule of Criminal Procedure 7(f) provides that "the court may direct the government to file a bill of particulars." The granting of a bill of particulars is a matter for the trial court's discretion. *United States v. Watson,* 669 F.2d 1374, 1379 n.2 (11th Cir. 1982). It is, however, "well settled law that 'where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error.'" *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (quoting *United States v. Crippen,* 579 F.2d 340, 347 (5th Cir. 1978)).

A bill of particulars serves three important ends: (1) to inform the defendant of the charges against him with sufficient precision to enable him to prepare his

defense; (2) to minimize surprise at trial; and (3) to enable the defendant to plead double jeopardy in the event of later prosecution for the same offense. *United States v. Cole,* 755 F.2d at 760; *United States v. Mackey*, 551 Fed.2d 967, 970 (5th Cir. 1977).

Further, as this Court has explained:

[T]he fact that an indictment conforms to the simple form suggested by the Federal Rules of Criminal Procedure, or accurately tracks the statutory or regulatory language, is no answer or defense to a motion for a bill of particulars, since Rule 7(f) presupposes a valid indictment or charge against the defendant. Instead, it is proper for a defendant to be furnished with further information regarding the charge when it is necessary for preparation of his defense and even though the granting of the motion requires the supplying of information which in other circumstances would not be required because evidentiary in nature. Even if in providing those details in a bill of particulars, the government's evidence or theories are somehow disclosed, the bill of particulars might be still proper.

*United States v. Baitcher*, 2013 WL 1501462, at *2 (N.D.Ga. Mar. 22, 2013) (internal citations and punctuation omitted).

Given this framework, the courts of this district regularly require the Government to supplement the limited information provided in the indictment with information such as that currently sought by Defendants. *See, e.g., United States v. Thevis,* 474 F.Supp. 117, 127 (N.D.Ga. 1979) (requiring the Government to disclose the overt acts of unindicted coconspirators and the approximate dates thereof);

3

*United States v. Long*, 2008 WL 11336760, at *4-5 (N.D.Ga. Oct.3, 2008) (requiring the Government to identify the contracts allegedly obtained through fraud); *United States v. Reddy,* 2010 WL 3210842, at *7-8 (N.D.Ga. Apr. 5, 2010) (requiring the Government to particularize the nature of the alleged alteration or falsification of documents); *see also In re Rothstein*, 717 F.3d 1205, 1215 n.20 (11th Cir. 2013) (noting that Government identified property listed for forfeiture in a bill of particulars); *United States v. Verderame*, 51 F.3d 249, 250 (11th Cir. 1995) (same).

While the Government may argue that it has provided significant discovery material to Defendants, such that the production of this information is unnecessary or duplicative, this Court has noted that the Government does "not fulfil its obligation merely by providing mountains of documents to defense counsel who are left unguided." *Long*, 2008 WL 11336760, at *5 (citing *States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987)); *United States v. Surles*, 2009 WL 10670624, at *4 (N.D.Ga. Feb. 25, 2009) (same). In this case, the Government is producing over *12 terabytes*, or twelve trillion bytes, of data. There is simply no way for Defendants to effectively defend this case without some guidance as to the charges in the Indictment and the materials produced. This Court should, therefore, enter an Order requiring the Government to file a bill of particulars as set forth herein.

4

### III.  SPECIFIC REQUESTS

**A.  Count One of the Indictment**

The need for the bill of particulars with regard to Count One arises in the context of Jared Wheat and Hi-Tech's indictment for participating in a conspiracy alleging the distribution of false and fraudulent documents in which the Government charges Defendants with a conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Doc. 7 at ¶¶ 1-11. The Indictment alleges that Defendants "sought to enrich themselves unjustly by distributing to prospective and current customers, via email, false, fraudulent, and misleading documents and representations regarding the regulatory compliance of HI-TECH and its products, including false, fraudulent, and misleading FDA certificates of Free Sale, GMP certificates, and GMP audit reports." *Id* at ¶ 9.

In the two succeeding paragraphs, the Indictment identifies certain allegedly false and fraudulent documents (FDA Certificates of Free Sale, GMP Certificates, and Audit Reports). *Id*. at ¶¶ 10-11.  In paragraph 10, the Indictment references allegedly false and fraudulent FDA Certificates of Free Sale emailed to customers but does not specify dates or identify the customers who allegedly received the

certificates. *Id.* at ¶ 10. In contrast, paragraph 11 of the Indictment references allegedly false and fraudulent GMP Certificates and Audit Reports, but specifies "[f]or example" only one such allegedly false certificate delivered by email on or about July 17, 2012. *Id.* at ¶ 11. Additionally, Counts Two and Three specify two emails, both to "customer M.M." and both on July 17, 2012. *Id.* at ¶¶ 12-14.

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count One, *id.* at ¶¶ 1-11, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide the following as to Count One:

> (1) a list with Bates range identified and/or copies of any and all allegedly false and fraudulent documents purported to be FDA Certificates of Free Sale, GMP Certificates, and/or GMP Audit Reports other than those set out in paragraphs 11 and 14 of the Indictment;
>
> (2) the dates said documents were allegedly provided to customers;
>
> (3) the identity of said customers and prospective customers;
>
> (4) the "foreign countries" that will not allow the importation of dietary supplements without GMP documentation as alleged in paragraph 8 of the Indictment;

6

(5) any and all false and fraudulent information alleged to be contained in the Certificates of Free Sale;

(6) any and all false and fraudulent information alleged to be contained in the GMP Certificates;

(7) any and all false and fraudulent information alleged to be contained in the GMP Audit Reports;

(8) any and all Overt Acts other than the July 17, 2012 email described in paragraph 11 of the Indictment that the Government alleges took place as part of the charged conspiracy;

(9) any and all sales of goods by Hi-Tech that allegedly resulted from the conduct alleged in Count One;

(10) the dates the sales of goods that resulted in the conduct alleged in Count One took place; and

(11) the identities of the customers that purchased the goods from Hi-Tech in relation to the allegations in Count One.

**B. Count Two of the Indictment**

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Two, *id.* at ¶¶ 12-14, as well as to enable

Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

(1) other than the allegedly "forged and unauthorized signature of an individual with initials G.G.", *id.* at ¶ 11, any and all allegedly false and fraudulent information in the GMP Certificate from Pharma Tech in relation to Count Two of the Indictment;

(2) any and all sales of goods that resulted from the email alleged to have been sent on July 17, 2012; and

(3) the identity of the individual who created the allegedly false GMP Certificate referred to in this count.

### C. Count Three of the Indictment

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Three, *id.* at ¶¶ 12-14, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

(1) any and all sales of goods that resulted from the email alleged to have been sent on July 17, 2012 in relation to Count Three of the Indictment;

(2) any and all allegedly false and fraudulent information in the GMP Audit

8

Report from Pharma Tech in relation to Count Three of the Indictment; and

(3) the identity of the person who created the allegedly false GMP Audit Report referred to in this Count.

### D.  Count Four of the Indictment

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Four, *id.* at ¶¶ 15-16, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

> (1) any and all Overt Acts other than the checks/transfers listed in Counts Five through Nine of the Indictment, *id.* at ¶¶ 17–18, that the Government alleges took place in furtherance of the conspiracy alleged in Count Four.

### E.  Count Five of the Indictment

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Five, *id.* at ¶¶ 17-18, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

> (1) the portion of the $600,000.00 set forth in Count Five that is alleged to have been derived from wire fraud; and

(2) the specific unlawful activity that allegedly produced this sum.

### F. Count Six of the Indictment

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Six, *id.* at ¶¶ 17-18, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

> (1) the portion of the $350,000.00 set forth in Count Six that is alleged to have been derived from wire fraud; and
>
> (2) the specific unlawful activity that allegedly produced this sum.

### G. Count Seven of the Indictment

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Seven, *id.* at ¶¶ 17-18, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

> (1) the portion of the $39,080.86 set forth in Count Seven that is alleged to have been derived from wire fraud; and
>
> (2) the specific unlawful activity that allegedly produced this sum.

### H. Count Eight of the Indictment

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Eight, *id.* at ¶¶ 17-18, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

> (1) the portion of the $42,065.87 set forth in Count Eight that is alleged to have been derived from wire fraud; and
>
> (2) the specific unlawful activity that allegedly produced this sum.

### I. Count Nine of the Indictment

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Nine, *id.* at ¶¶ 17-18, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

> (1) the portion of the $44,000.00 set forth in Count Nine that is alleged to have been derived from wire fraud; and
>
> (2) the specific unlawful activity that allegedly produced this sum.

### J. Count Ten of the Indictment

Count Ten of the Indictment charges a conspiracy to introduce misbranded drugs into interstate commerce in violation of 18 U.S.C. § 371. Doc. 7 at ¶¶ 19-33. Count Ten further contains Overt Acts set forth in succeeding paragraphs. *Id.* at 24-33. Count Ten alleges that Overt Acts "among others" were committed in the Northern District of Georgia. *Id.*

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Ten, *id.* at ¶¶ 19-33, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

(1) Any and all other Overt Acts allegedly committed in furtherance of Count Ten that are not set out in the Indictment; and

(2) the identities of the customers referred to in paragraphs 24-33 of this Count.

### K. Count Eleven of the Indictment

Count Eleven of the Indictment charges Defendants with introducing a misbranded drug into interstate commerce, in violation of 21 U.S.C. §§ 331(a) & 333(a)(2), and 18 U.S.C. § 2. Doc. 7 at ¶¶ 34-35. Based on the date and location, this

charge appears to be identical to the allegations found in in Overt Act 29 of Count Ten. *Id*. at ¶ 29.

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Eleven, *id.* at ¶¶ 34-35, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

    (1) confirmation that the acts alleged in Count Eleven are the same transaction set out in Overt Act 29 of Count Ten; and

    (2) provide the name of the customer referred to in this count of the indictment.

### L.  Count Twelve of the Indictment

Defendants are charged in Count Twelve of the Indictment with a conspiracy to manufacture and distribute controlled substances, in violation of 21 U.S.C § 846. Doc. 7 at ¶¶ 36-37. In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count Twelve, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

    (1) any and all Overt Acts, other than those alleged in Counts Thirteen through

Eighteen, that the Government alleges took place in furtherance of this charged conspiracy.

### M. Forfeiture Provision

The Forfeiture Provision of the Indictment, *id.* at ¶¶ 44-47, seeks forfeiture of: any property, real or personal, which constitutes or is derived from proceeds traceable to violations alleged in Counts One through Three of the Indictment, *id.* at ¶ 44; any property traceable to the money laundering charges alleged in Counts Four through Nine of the indictment, *id.* at ¶ 45; and any property derived from or used or intended to be used to facilitate the offenses charged in Counts Twelve through Fifteen of the Indictment, *id.* at ¶ 46. In regard to this Forfeiture Provision, Defendants request the Court order the Government to provide:

(1) Notice of the precise property subject to the penalty, including the amount of forfeitable funds in the form of a monetary judgment, claimed in regard to the charged violation of 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as alleged in paragraph 44 of the Indictment, Doc. 7 at ¶ 44;

(2) Notice of the precise property subject to the penalty, including the amount of forfeitable funds in the form of a monetary judgment, claimed in regard to

the charged violation of 18 U.S.C. §§ 1956(h) & 1957, as alleged in paragraph 45 of the Indictment, Doc. 7 at ¶ 45; and

(3) Notice of the precise property subject to the penalty, including the amount of forfeitable funds in the form of a monetary judgment, claimed in regard to the charged violation of 21 U.S.C. § 853 as alleged in paragraph 46 of the Indictment, Doc. 7 at ¶ 46.

WHEREFORE, Defendants respectfully pray that this Court issue an Order pursuant to Fed. R. Crim. P. 7(f) requiring the Government to provide the requested information, and for such other and further relief as this Court may deem just and proper.

This 1st day of March, 2018.

Respectfully submitted,

/s/ *Bruce H. Morris*
Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road, N.E., Suite 2540.
Atlanta, Georgia 30326
404-262-2500
bmorris@fmattorneys.com
   *Counsel for Defendant*
   *Jared Wheat*

/s/ *Arthur W. Leach*
Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
   *Counsel for Defendant*
   *Hi-Tech Pharmaceuticals, Inc.*

/s/ *James K. Jenkins.*
James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
   *Counsel for Defendant*
   *Jared Wheat*

/s/ *Jack Wenik*
Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ebglaw.com
Admitted Pro Hac Vice
   *Counsel for Defendant*
   *Hi-Tech Pharmaceuticals. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this day filed the foregoing "Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc.'s Motion for Bill of Particulars and Memorandum in Support" through this District's ECF system, which will automatically serve all counsel of record.

This 1st day of March, 2018.

*/s/ Arthur W. Leach*
Arthur W. Leach
*Counsel for Defendant*
*Hi-Tech Pharmaceuticals, Inc.*