# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JARED WHEAT, JOHN BRANDON SCHOPP, and HI-TECH PHARMACEUTICALS, INC., <br><br> Defendants. | No. 1:17-CR-0229-AT-CMS |

**DEFENDANTS JARED WHEAT AND HI-TECH PHARMACEUTICALS, INC.'S REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**

COME NOW Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), by and through their undersigned counsel, and file this Reply to the Government's Response ("Resp."), Doc. 129, to Defendants' Motion for a Bill of Particulars ("Motion"), Doc. 106.

## I. ARGUMENT

Defendants' Motion contained 36 requests for more particularized information related to twelve counts (and the forfeiture provision) of the superseding

indictment. The Government, despite its attempts to appear that it thoughtfully considered all of the requests in Defendants' Motion, rejected all 36 requests in their entirety based on two sweeping rationales: (1) the superseding indictment supposedly provides Defendants with sufficient notice of the "nature of the charges against them," (Resp. at 1), and (2) the voluminous discovery that the Government has produced contains any and all of the information that Defendants need to properly prepare for trial.

The Government's position in response to Defendants' Motion should be rejected by the Court. Defendants' Motion is not part of some fishing expedition that improperly attempts to compel the Government to provide a detailed inventory of its evidence or explain its legal theories. Rather, Defendants seek basic information that is absolutely necessary to prepare a proper defense and otherwise avoid surprise or undue prejudice at trial. *See United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) ("The purpose of a bill of particulars is to inform the defendant of the charge against him with *sufficient precision* to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.") (emphasis added); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("A bill of particulars, properly viewed, *supplements* an indictment by providing the defendant with information *necessary*

for trial preparation.") (second emphasis in *Anderson*) (citing *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)). As explained below, Defendants' requests are necessary to prepare their defense precisely because the superseding indictment is so obviously deficient in regard to the information absolutely necessary to allow Defendants to prepare a proper defense. However, prior to that count-by-count analysis, Defendants must address the second rationale relied on by the Government in its Response, namely that all the information Defendants need to prepare for trial that is not present in the superseding indictment can be easily found in the discovery already provided.

For purposes of context, as of this date the Government has provided Defendants' counsel with the following discovery: (1) approximately 74,000 emails and documents seized from AOL, Yahoo, or otherwise related to the grand jury proceedings herein (totaling more than 180,000 pages) and produced on or about October 30, 2017; (2) approximately 6,500 documents (totaling approximately 18,000 pages) of additional grand jury related materials produced on or about December 1, 2017; (3) 5 gigabytes of scanned hard-copy documents (totaling approximately 158,000 pages) seized from Hi-Tech's premises on October 4, 2017 (as well as an additional 7,000 pages of grand jury related materials) produced on or about February 8, 2018; (4) 12 terabytes of digital information seized from Hi-

Tech's computers on October 4, 2017, and produced on or about February 27, 2018; (5) 17,332 emails and documents reviewed by case agent Kriplean (totaling more than 47,000 pages) produced on March 8, 2018; and (6) approximately 400 pages of lab reports produced on or about March 9, 2018.

The 12 terabytes of digital information in particular deserves further attention in order to appreciate its vast scope. According to Lexis, a single gigabyte of data can contain 64,782 pages of Microsoft Word documents or 100,099 pages of emails.[1] That is for a *single gigabyte.* To date, the Government has produced *12 terabytes* of information, which equals *12,000 gigabytes*. Thus, just this final tranche of information from the Government contains the equivalent of approximately 777,384,000 pages of Microsoft Word documents. Now, of course, those 12 terabytes are not composed solely of word processing documents or emails, but the point is the same: it is such a massive amount of information that it amply demonstrates the absurdity of the Government's dismissive comment that "Defendants [should not] complain that they have been provided with voluminous discovery . . . ." Resp. at 9. Clearly, the discovery that the Government has provided–

---

[1] *See* "How Many Pages in a Gigabyte," available at: https://www.lexisnexis.com/applieddiscovery/lawlibrary/whitePapers/ADI_FS_PagesInAGigabyte.pdf

–and referred Defendants to time and time again in its Response—is massive and Defendants' review of these materials (and the Court is aware from other submissions that Defendants are searching as quickly and thoroughly as possible, *see* Doc. 125) will take an inordinate amount of time and effort, and it is impossible to guarantee that Defendants will uncover the critical documents and other evidence that support the counts in the superseding indictment.

This Court has specifically held that the "voluminous production of discovery does not render [a] motion for a bill of particulars redundant, unnecessary, or superfluous," especially where an indictment does not have the requisite specificity that would allow Defendants to prepare their defense, the amount of discovery involved is "large," and the legal and factual issues covered in the indictment cover a substantial period of years. *United States v. Long*, No. 1:08-CR-043-CC-AJB, 2008 WL 11336760, 2008 U.S. Dist. LEXIS 128075, at *14 (N.D. Ga. Oct. 3, 2008). The Government's Response attempts to distinguish *Long* (Resp. at 15 n.3) by arguing that the issues in the superseding indictment are narrow and a simple search of the discovery produced will provide all documents relevant to the supposedly fraudulent certificates at issue in part of the superseding indictment. However, if this search is as simple as the Government contends, the Government should conduct it and provide the results to Defendants, along with the relevant documents.

It is undisputed that the Government has provided an immense amount of discovery to Defendants. It is further undisputed that, while some of that information was provided with a superficial and utterly unhelpful index of what information was derived from which custodian or location, the Government has completely failed to identify *any* documents that it contends are integral or even related to any of the counts in the superseding indictment.

This refusal runs counter to the rule that "it is proper for a defendant to be furnished with further information regarding the charge when it is necessary for preparation of his defense and even though the granting of the motion requires the supplying of information which in other circumstances would not be required because evidentiary in nature." *United States v. Baitcher*, No. 1:11-CR-536-SCJ-AJB, 2013 WL 1501462, 2013 U.S. Dist. LEXIS 51938, at *5 (N.D. Ga. Mar. 21, 2013) (citations omitted). Merely pointing to the fact that discovery has been provided to Defendants does not cure the multitude of holes that plague the superseding indictment. Moreover, *Long* is clear that the identification of discreet documents (*i.e.*, contracts) that are central to an allegation of fraud—even if otherwise produced to the defendant as part of a Governmental document dump—should be provided to defendants even though it "may provide the defendants with insight into the evidence against them" because criminal defendants "must be given

information sufficient to prepare an adequate defense and to avoid unfair surprise." *Long*, 2008 U.S. Dist. LEXIS 128075, at *14. Here, just like the defendants in *Long*, Defendants "have no knowledge as to what [GMP or Free Sale certificates] are considered to be fraudulent[]," *id*, and those documents, along with the other critical information sought in Defendant's Motion, should be specified by the Government.

### A.  Counts One Through Three – the Wire Fraud Counts

Defendants submitted 11 requests related to Counts One through Three of the superseding indictment, which allege a wire fraud conspiracy to distribute false and fraudulent documents. Doc. 7 at ¶¶ 1-11. The Government contends, in essence, that the superseding indictment, along with the discovery provided to Defendants, contain all of the information necessary for Defendants to defend these claims at trial. As explained above, the Government's conclusory reference to the extensive discovery already produced does not adequately resolve the issue presented.

Additionally, the superseding indictment does not sufficiently apprise Defendants of the nature and scope of the charges brought in Counts One through Three. Just like the defendants in *Long*, *supra*, that wanted to know the allegedly fraudulent contracts that were at the heart of their case, Defendants' first request in their Motion sought to have Government identify the FDA Certificates of Free Sale,

7

GMP Certificates, and/or GMP Audit Reports that the Government contends were false or fraudulent. Doc. 106 at 6.

The Government argues that it is not required to provide such information because it generally alleged that the supposedly fraudulent documents at issue consist of the certificates described above, which were sent to Hi-Tech's "customers and prospective customers" via "email." Resp. at 6. For the same reasons that the Government's position in *Long* was rejected, so too should those arguments be rejected here.

Due to the admittedly massive amount of documents seized from Defendants and dumped back on them, it would be a Sisyphean task to ask Defendants to search the hundreds of millions of pages of information seized and locate all supposedly "fake" documents emailed to Hi-Tech's customers *and* prospective customers. Hi-Tech is a leading dietary supplement company that has hundreds of customers, not to mention the fact that its "prospective" customers are even more numerous. Just as in *Long*, "the [D]efendants have no knowledge as to what [certificates] are considered to be fraudulent[ ]. This information is needed for them to formulate a defense and to avoid unfair surprise. That the government might reveal evidence from its case does not automatically defeat the defendants' request for a bill of particulars." *Long*, 2008 U.S. Dist. LEXIS 128075, at *14.

Moreover, the Government's response to this request implies that providing such basic information would be burdensome or put them at a severe disadvantage. Frankly, providing the certificates at issue should be a simple task for the Government since it has had unfettered access to various of the Defendants' email accounts for over five years. Defendants are merely requesting the most basic information about the supposedly fraudulent transactions that the Government contends took place but failed to identify in the superseding indictment. Indeed, if the Government were to produce the certificates it contends were fraudulent, many of the other requests related to Counts One through Three might be obviated, such as identifying which customers or potential customers were supposedly defrauded.

The Government also argues that, because the charges at issue "relate to [Defendants] own misconduct," Defendants cannot be "surprised by the government's proof at trial." Resp. at 12 (citing *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977)). This is simply not the law. Importantly, *Cantu* dealt with a post-trial challenge to a denial of a motion for a bill of particulars where the scope of the defendant's knowledge of the alleged wrongdoing was clearly established and where no surprise was even alleged. *Cantu*, 557 F.2d at 1178 ("Cantu does not attempt to show surprise or other prejudice resulting from the denial of the bill."). In fact, this exact argument was rejected in *Long*, where the Court stated:

> *[T]he Court is unpersuaded by the government's argument that the defendants' participation in the alleged activities should provide them with knowledge as to what contracts are relevant. Unlike the Court of Appeals cases cited by the government . . . the Court has no way of knowing what the defendants knew because the Court does not have evidence from a full trial before it. As a result, the Court is unconvinced by the government's argument because it presumes that the defendants are guilty by assuming that the defendants were participants in the conspiracy and therefore should know which contracts are relevant.*

*Long*, 2008 U.S. Dist. LEXIS 128075 at *16 (emphasis added); *see also United States v. Moore*, 57 F.R.D. 640, 643 (N.D. Ga. 1972) ("Nor is it any answer to a motion for a bill of particulars for the government to say: 'The defendant knows what he did, and, therefore, has all the information necessary.' This argument could be valid only if the defendant be *presumed to be guilty*.") (emphasis in *Moore*).

The Government should be required to respond to the requests related to Counts One through Three in Defendant's Motion. How are Defendants supposed to prepare a defense to these charges if the Government refuses to identify who was allegedly defrauded and by which documents? The requests are reasonably tailored and seek information necessary for Defendants to mount an adequate defense, such as subpoenaing the proper parties for trial and interviewing the relevant customers and employees.

## B.  Counts Four through Nine – the Money Laundering Counts

Although the Government may not be required to provide every overt act that supports the allegations in Count Four (the money laundering conspiracy) of the superseding indictment, the Government lacks a basis for its objections to Defendant's requests related to Counts Five through Nine. To be clear, these requests are being posed to the Government because Counts Five through Nine are drafted in such an opaque manner that Defendants cannot determine the most basic facts about the Government's allegations. For example, in Count Five, the Government alleges that Defendants laundered $600,000 that was supposedly derived from illegal activity yet it completely fails to state what the underlying criminal activity was (other than generally referring to the wire fraud counts) and how much of the funds at issue were derived from that illegal activity. Lacking this information, Defendants are clearly not on notice of the nature and scope of these Counts. Is the Government alleging that all of these funds are illegally derived? Some of them? Defendants have no idea based on a reading of the superseding indictment.

Moreover, the Government has previously been ordered to produce this sort of information in response to a request for a bill of particulars. In *United States v. Thevis*, 474 F. Supp. 117 (N.D. Ga. 1979), the defendants sought information that

would "detail the connection between certain property to be forfeited" and the criminal enterprise that that rendered that property forfeit. The Court held:

> The government must disclose in general terms the nexus between the property to be forfeited and the enterprise, so that the defense may direct its investigation and trial preparation with sufficient direction as to what the government contends is the proscribed connection between that property and the enterprise in order to avoid prejudicial surprise or the obviation of an opportunity for meaningful defense preparation.

*Id.* at 125.

For the same reasons, Defendants' requests as to Counts Five through Nine should be granted. Defendants must be appraised of the "proscribed" connection between the transfers and deposits at issue in order to adequately defend themselves and prove that the funds—or at a minimum that some part of the funds—were not derived from criminal activity.[2]

### C.  Counts Ten and Eleven – the Misbranded Drug Counts

Defendants are simply at a loss as to why the Government refuses to produce the names of the customers that purchased the products at issue in Counts Ten and Eleven. Other than citing to case law that holds that Government is not required to

---

[2] The foregoing rationale also applies to the Government's objections to Defendants' requests related to the forfeiture provisions in the superseding indictment. As noted, "[t]he government must disclose in general terms the nexus between the property be forfeited and the" illegality charged. *Thevis*, 474 F. Supp. at 125. Its refusal to do so is unwarranted, and its citation to Doc. 41 does not meet its burden.

12

set forth all of the overt acts in a conspiracy, the Government provides no justification for its refusal to produce this basic information. The names of these customers are clearly necessary to Defendants' ability to mount a defense because these customers must be contacted and interviewed by Defendants in order to determine what actually occurred regarding these purchases. For example, did these customers materially rely on Defendants' statements regarding the contents of the products at issue prior to making their purchase? Defendants' request is not asking the Government to provide a detailed exposition of its evidence—this is a basic request as to the fundamental allegations in the superseding indictment.

## II. CONCLUSION

For the reasons stated above, Defendant's Motion for a Bill of Particulars should be granted.

WHEREFORE, Defendants respectfully pray that this Court issue an Order pursuant to Fed. R. Crim. P. 7(f) requiring the Government to provide the requested information, and for such other and further relief as this Court may deem just and proper.

This 18th day of April, 2018.

                                                 Respectfully submitted,

/s/ Bruce H. Morris
Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road NW
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
  *Counsel for Defendant*
   *Jared Wheat*

/s/ Arthur W. Leach
Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
   *Counsel for Defendant*
    *Hi-Tech Pharmaceuticals, Inc.*

/s/ James K. Jenkins
James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
   *Counsel for Defendant*
    *Jared Wheat*

/s/ Jack Wenik
Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
    *Counsel for Defendant*
     *Hi-Tech Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing "Defendants' Reply in Support of Motion for Bill of Particulars" through this District's ECF system, which will automatically serve all counsel of record.

This 18th day of April, 2018.

                                                  */s/ Jack Wenik*
                                                Jack Wenik
                                                *Counsel for Defendant*
                                                *Hi-Tech Pharmaceuticals, Inc.*