## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

_____  )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
   v.                       )   No. 1:17-CR-0229-AT-CMS
                                          )
JARED WHEAT,                              )
JOHN BRANDON SCHOPP, and                  )
HI-TECH PHARMACEUTICALS, INC.             )
                                          )
_____  )


**DEFENDANTS JARED WHEAT AND HI-TECH PHARMACEUTICALS, INC.'S SUPPLEMENT TO MOTION FOR RECONSIDERATION OF FIRST R & R AND REQUEST FOR EVIDENTIARY HEARING: OBJECTION TO CONTINUING SEARCH AND RETENTION OF ELECTRONICALLY STORED INFORMATION**

COME NOW Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc., and file this supplement to their previously filed Motion for Reconsideration and Request for Evidentiary Hearing, Doc. 138.

### Introduction

This supplement pertains to the seizures of the AOL and Yahoo email accounts pursuant to search warrants. Defendants' previously filed request for reconsideration, Doc. 138, is pending before this Court. In a recent exchange of

emails with the Government, the Government has indicated its position that: (1) there is no time limitation as to when it is required to conduct the Step Two execution of the warrants; (2) that it can run additional searches and review all of the material (aside from what it has identified as attorney-client privileged) provided by AOL and Yahoo; and (3) that it will retain the entirety of the AOL and Yahoo productions until the conclusion of the case. The Government's positions are unreasonable under the Fourth Amendment and implicate the additional legal arguments set out in this supplemental pleading.

## Background

Based on the Government's filings and email communications, the handling of these materials appears to have included the following, although a full understanding of the facts relating to these searches cannot be had without an evidentiary hearing, which Defendants have repeatedly requested.

The warrant for Jared Wheat's AOL email account was authorized on May 17, 2013. Doc. 105-1. It directed AOL to turn over all of the contents of the email account. *Id.* at Attachment B(I). This data was turned over to a third-party private contractor for the FDA (Madison). Madison purportedly conducted an initial filtering of those documents for attorney-client privileged materials, based on a list furnished by the FDA and Madison's own review. Doc. 138-1 at 1-3. Madison also

ran 23 keyword searches "pursuant to the two-step process outlined in the search warrant …" Doc. 150 at 4. The resulting subset of the AOL documents was provided to SA Kriplean in January 2014. Doc. 150-2. This subset (approximately 17,332 documents) was provided to Defendants on March 8, 2018. Doc. 150 at 4.

The warrant for the Yahoo account was authorized on October 23, 2014 and required Yahoo to produce the entire contents of the email account of a Hi-Tech employee. Doc. 105-1 & Attachment I(B). The Government did not turn these documents over to Madison for any filter review. Docs. 150 at 4, 150-4. It appears that the entire Yahoo production has been available to SA Kriplean since October 2014: "[A]gent Kriplean reviewed the Yahoo production for relevance pursuant to the two-step process, but [the Government] did not know if he reviewed the entire Yahoo production." Doc. 150 at 4-5.[1]

Subsequent emails to AUSA Kitchens sought to clarify the facts concerning the review and retention of documents seized from the email companies and from Hi-Tech on October 4, 2017. AUSA Kitchens indicated that "the government reserves the right to search for additional material within the scope of the email and

---

[1] As will be discussed below, what SA Kriplean reviewed and when he reviewed it is essential to the determination of this search issue. The Government has submitted no declarations in support of its pleadings, and this is yet another critical fact that can only be determined in an evidentiary hearing.

premises search warrants during the pendency of this case …." The Government apparently intends to maintain possession of the entire productions from AOL and Yahoo, and will "destroy data that is not accessed after the completion of the case." *See* EXHIBIT G, emails dated May 23, 2018 and May 28, 2018 at ¶ 3; *see also* EXHIBIT H, emails dated June 15, 2018 and June 20, 2018. The Government has *not* provided Defendants with a subset of the Yahoo production, other than the entire production (approximately 13,651 documents).[2]

## I. The Government's Mishandling of the Off-site Review of the Email Documents Seized is Unreasonable and Contrary to the Fourth Amendment.

"As the text makes clear, 'the ultimate touchstone of the Fourth Amendment is reasonableness.'" *Riley v. California*, 134 S.Ct. 2473, 2482 (2014) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). This standard of reasonableness extends to the method of execution of a search warrant. *United States v. Ramirez*, 523 U.S. 65, 71 (1998). In its recent decisions in *Riley* and *Carpenter v. United States,* 2018 WL 3073916 (June 22, 2018), the Supreme Court has addressed the impact of rapidly changing technology on Fourth Amendment privacy interests.

---

[2] The Government has also indicated that its privilege review is still ongoing, with additional documents still being provided to the prosecution team, although it is not entirely clear whether this applies to the email seizures or the October 4, 2017 seizures. *See* EXHIBIT G, May 28, 2018 email from AUSA Kitchens, at ¶ 3 and EXHIBIT H, June 20, 2018 email from AUSA Kitchens, at ¶ 1.

*Riley*, 134 S.Ct at 2489-90; *Carpenter* at *6.[3] Courts apply the test of reasonableness to determine if the Government's methods of executing search warrants for ESI are constitutional. *See, e.g.*, *United States v. Ganias*, 824 F.3d 199, 209 & n. 22 (2d Cir. 2016 (en banc); *United States v. Comprehensive Drug Testing, Inc.,* 621 F.3d 1162, 1167-73 (9th Cir. 2010) (en banc) ("CDT"), *abrogation on other grounds recognized by Demaree v. Pederson*, 807 F.3d 870, 876-77 (9th Cir. 2018); *United States v. Wey*, 256 F.Supp.3d 355, 399-408 (S.D.N.Y. 2017).

By way of this supplement, Defendants submit that these searches are unconstitutional for the additional reasons that the Government has: (1) failed to conduct the Step Two seizures in a timely fashion; (2) continued the Step Two seizures,  representing that it can continue to do so during the pendency of Defendants' prosecution; (3) permitted its case agent to participate in the Step Two seizures; and (4) refused to return or destroy the nonresponsive documents until the conclusion of its prosecution. These grounds for suppression are in addition to those raised in Defendants' previously filed motions relating to the search of email accounts. *See* Docs. 44, 81,138 & 155

---

[3] Chief Justice Roberts, writing for the Court in *Carpenter*, stated: "As technology has enhanced the Government's capacity to encroach upon areas normally guarded from inquisitive eyes, this Court has sought to assure preservation of that degree of privacy against government that existed when the Fourth Amendment was adopted." *Id.* (internal quotations and citations omitted).

**A. The Government Has Failed to Conduct the Step Two Seizures in a Timely Fashion.**

The Government contends the email searches are constitutional based on its "two-step process" where the initial seizures of the entire email accounts are narrowed by the subsequent Step Two seizure of a subset consisting of only those materials that are responsive to the search warrant. Doc. 66 at 16-17. The documents were seized in May 2013 (AOL) and October 2014 (Yahoo). It is not entirely clear when the Government initiated its Step Two seizure of the responsive materials within these two caches of documents,[4] but recent communications with the Government make one fact clear: The Government claims its Step Two process is not completed, and that it can continue to access the entire productions throughout the pendency of Defendants' prosecution. EXHIBIT G, May 28, 2018 email at ¶ 1.

Unlike the 14-day limit for the execution of the warrant on AOL and Yahoo, there is no statutory time limit as to the Step Two seizure. Fed. R. Crim. P. 41(e)(2)(B). This does not mean that there is no time limit at all, as the Government

---

[4] The AOL materials were "filtered" by private contractor Madison and a subset was produced to SA Kriplean in January 2014. Docs. 138-1 at 1-3; 150-3. The Yahoo documents were never filtered by a third party, "and Agent Kriplean reviewed the yahoo production for relevance." Doc. 150-4. Other than the January 2014 date the subset of the AOL documents was provided to SA Kriplean, it is unclear when the Step Two procedures were commenced. Additionally, it is unclear without an evidentiary hearing that what was done by Madison actually constitutes a Step Two as required under a constitutional analysis.

contends. Courts have recognized that "the Fourth Amendment requires the Government to complete its review, *i.e.*, execute the warrant, within a 'reasonable' period of time." *United States v. Metter*, 860 F.Supp.2d 205, 215 (E.D.N.Y 2012) (granting suppression of all ESI due to 15-month delay in commencing review of ESI for materials responsive to search warrant). *See also United States v. Debbi*, 244 F.Supp.2d 235, 237-38 (S.D.N.Y. 2003) (suppressing all nonresponsive data seized based on Government's failure to identify, segregate, and return materials not responsive to terms of search warrant within eight months); *United States v. Mutschelknaus*, 564 F.Supp.2d 1072, 1076-77 (D.N.D. 2012) (while neither Rule 41 nor Fourth Amendment provide specific time limit for forensic analysis of computer, it must be made within a reasonable time). *But cf. United States v. Jarman*, 847 F.3d 259, 266-67 (5th Cir. 2017) (holding that 23-month review of seized ESI was reasonable due to the complexity of the search and a time-consuming privilege review process); *United States v. Lee*, 2015 WL 5667102 (N.D. Ga. Sept. 25, 2015) (finding that Government's failure to complete review and seizure of emails for over three years does not mean that Government has acted unreasonably).

Here, the Government has had the entire email productions for *years*: the AOL emails for over five years; the Yahoo emails for over three and a half years. Such a delay in executing the warrants is unreasonable and violates the Fourth Amendment.

**B. The Continuing Search Constitutes a General Search in Violation of the Fourth Amendment.**

The Government claims that it can continue to "run additional searches and review additional non-privileged documents outside of [the] subsets as we learn more based on our review." EXHIBIT H, June 20, 2018 email at ¶ 1.

The email warrants were predicated on the Government's reliance on the "two-step" search procedure under Rule 41(e)(2)(B). *See* Doc. 66 at 16-17. The rationale is that, because the Step One overseizure of the entire email accounts is cured by the subsequent Step Two seizure limited to documents covered by the warrants. *See, e.g., Lee*, 2015 WL 5667102 at *9 -*10.[5]

The problem with the Government's claim to the right to continued access to all the documents is that it eliminates the step in which the overseized materials provided are narrowed to those materials that may be permissibly seized under the warrant – a step that is necessary to fulfill the Fourth Amendment's particularity requirement. By continuing to go back to the entire data base as its theories of the case evolve, the Government is conducting an ongoing, continuous search that does not comply with the Fourth Amendment. In other words:

> [The] subsequent use of nonresponsive data transforms the nature and quality of the ongoing seizure of that data. Using

---

[5] Defendants, however, do not concede the constitutionality of the Step One seizures of the entire AOL and Yahoo email accounts.

> nonresponsive data no longer effectuates the warrant. Instead, it takes advantage of the overseizure and subsequent search necessary to carry out the warrant to transform the warrant for specific evidence into the equivalent of a general warrant. *In effect, allowing use of nonresponsive data effectively treats that data as if it had been included in the warrant. This eliminates the role of the particularity requirement.*

Orin S. Kerr, *Warrants for Digital Evidence: The Case for Use Restrictions on Nonresponsive Data*, 48 Tex. Tech. L. Rev. 1, 26 (2015).[6]

The Government's ongoing, continuing seizure of data from the AOL and Yahoo productions is constitutionally unreasonable. "[A] seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on unreasonable seizures." *United States v. Jacobsen*, 466 U.S. 109, 125 (1984). Courts addressing this issue have concluded that continued accessing of data which is not responsive to the warrant is unreasonable under the Fourth Amendment. *CDT*, 621 F.3d at 1177 ("The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the

---

[6] A related problem is that when it fails to complete the Step Two segregation of nonresponsive material, the search is a continuing search, which is theoretically never-ending. *See United States v. Wey*, 256 F.Supp.3d 355, 406-07 (S.D.N.Y. 2017) and *Lee*, 2015 WL 5667102, at *15 n. 14 ("Absent segregation and identification of the records seized, there is no basis for discerning whether particular records were seized consistent with the terms of the warrant.")

government to gain access to data which it has not probable cause to collect."); *In re U.S.'s Application for a Search Warrant*, 770 F.Supp.2d 1138, 1151 (W.D. Wash. 2011) (refusing to authorize search warrant without *ex ante* restrictions on execution); *Wey*, 256 F.Supp.3d at 408 (no authority permits the Government to sit on data for years and mine it with searches targeting individuals and charging theories absent from warrant application).

The Government's continuing search of the AOL and Yahoo data is unreasonable as a general search forbidden by the Fourth Amendment.

**C. The Involvement of Investigating Agents in the Step Two Seizure is a Violation of the Fourth Amendment.**

While the Government claims the right to continue searching the entire email productions, it has *not* revealed whether it has conducted any such additional searches, when any additional searches took place, what search terms were used, or which agents have had access to or reviewed the overseized materials.[7] The only information provided indicates that, at a minimum, SA Kriplean was involved in,

---

[7] These details will be necessary for the determination of the reasonableness of these searches, yet another reason why this Court needs to hold an evidentiary hearing on Defendants' motion to suppress. Additionally, it is entirely unclear whether these searches have already occurred or if they are anticipated to occur sometime in the future.

and indeed conducted, the initial review of the entirety of the Yahoo materials in the Step Two identification of documents covered by the warrant. Doc. 150 at 4-5.

A case agent's ability to access data not covered by the warrant allows a general search of all of the targets' email without any of the limitations contained in the applicable warrant. Such access is unreasonable under the Fourth Amendment where, as here, Hi-Tech and Jared Wheat have been involved in ongoing litigation with the FTC and FDA during this same time period and the email accounts address many business transactions that are not within the scope of the warrants.  For this reason, the courts that have addressed this question have found such access to be contrary to the Fourth Amendment and have proposed procedures to address the problem. In *CDT*, for instance, the en banc Ninth Circuit affirmed lower court orders that granted suppression based on the Government's failure to fulfill its representation in the warrant application that computer personnel, not the case agent, would conduct the Step Two identification of responsive data, and that the case agent would have no access to the nonresponsive data. 621 F.3d at 1171-72 (concluding that "[t]he process of segregating electronic data that is seizable from that which is not must not become a vehicle for the Government to gain access to data which it has no probable cause to collect." *Id.* at 1177). *See also id.* at 1179-80 (Kozinki, C.J., concurring) (guidance for ESI searches includes segregation and redaction of ESI to

be done by specialized personnel or independent third party with nondisclosure agreement); *United States v. Carey*, 172 F.3d 1268, 1276 (10th Cir. 1999) (seizure of child pornography images pursuant to warrant for evidence of drug distribution was generalized, warrantless search).

Defendants do not know the full facts regarding the access to and review of the AOL and Yahoo productions. However, since SA Kriplean admittedly had access to the unsorted Yahoo production, an evidentiary hearing should be held to determine what occurred in his review(s); whether he conducted other reviews of the Yahoo data or the AOL data (outside the sorted AOL subset); whom he discussed his reviews with; and whether other members of the prosecution team have had access to this data and what they did with it. Any information obtained for this investigation from nonresponsive data would be a violation of the Fourth Amendment.

### D. The Government's Continued Retention of the Nonresponsive Data is Contrary to the Fourth Amendment.

The Government indicates it intends to hold all the email data until the conclusion of this case, at which time it will "destroy data that is not accessed." EXHIBIT G, email dated May 28, 2018, at ¶ 3. Assuming without admitting, that warrants for the AOL and Yahoo documents authorized a Step One seizure of the entire email accounts, those warrants did not give the Government unlimited

authority to indefinitely seize and use the documents that were not responsive to the warrant, *i.e.*, the documents that were not seized in Step Two of the search process.

The Government's retention of all of the data is a complex issue that involves the competing interests between the Government and the targets of the search. As discussed in detail in *Ganias*, the Government *may* have a legitimate interest in maintaining the entire Step One seizure,[8] while the target of the search undoubtedly has a strong privacy interest in the material that the warrant did not authorize the Government to seize in Step Two.  824 F.3d at 211-19. *See also id.* at 218 n. 38 (recognizing that "the seizure and retention of computer hard drives or mirrored copies of those drives implicate [privacy] concerns and raise significant Fourth Amendment questions."). However, here the Government has *no* legitimate interest that justifies retaining without any access limitations both the full data sets, which include data which the warrants did not authorize it to seize in Step Two.

Courts that have attempted to resolve this issue have recognized that retention of nonresponsive data, especially lengthy retention, such as is occurring here, is not reasonable under the Fourth Amendment. In *United States v. Roper*, 2018 WL

---

[8] If the Government can establish such a need here – which it has not – in order to preserve, authenticate and present the lawfully obtained evidence at trial, its legitimate needs can be addressed by submitting a sealed copy of the original productions to the Court, with an agreement to destroy all other copies of the original production and that access to the sealed copy will be only pursuant to court order.

1465765, at *6 (S.D. Ga. March 1, 2018), adopted by district court, 2018 WL 1463365, at *1 (March 23, 2018), the Court ordered the case agent to remove all nonresponsive data from his computer, and concluded that the retention of the complete original production for more than two years after completing the Step Two review exceeded the scope of the warrant and violated the Fourth Amendment. *See also United States v. Tamura*, 694 F.2d 591, 596-97 (9th Cir. 1982) (Government's refusal to return nonresponsive documents from which responsive documents had been located was not proper); *CDT*, 621 F.3d at 1180 (Kosinki, C.J. concurring) (guidance for ESI searches includes, "The Government must destroy or, if the recipient may lawfully possess it, return non-responsive data …").

The Government has had possession of the entire AOL and Yahoo productions since May of 2013 and October of 2014, respectively. Its continued retention of the materials in these productions that are not responsive to the search warrants is unreasonable under the Fourth Amendment.

## II. The Issues Relating to the Seizure of ESI From Email Accounts at AOL and Yahoo Cannot Be Determined Without an Evidentiary Hearing.

As the cases and law review article cited in this supplement make plain, the search of the ESI from the email accounts implicates multiple Fourth Amendment questions. Some are uniquely fact specific, and the record at this time does not establish those facts. The Government contends that all of this can be disposed of

without a hearing but has not submitted any sworn declarations as to facts, nor cited any cases that have been decided in similar factual contexts without holding an evidentiary hearing. This is especially true in regard to the execution of two-step warrants such as the cases cited in this supplement, all of which were decided after evidentiary hearings. *See*, *e.g., Ganias*, 824 F.3d at 207-208; *Wey,* 256 F.Supp.3d at 367 (findings of fact based upon the evidence taken at the hearing and the benefit of supplemental post-hearing briefs and oral argument); *Roper*, 2018 WL 1465765 at *2; *Lee,* 2015 WL 5667102 at *13. *See also United States v. Galpin*, 720 F.3d 436, 450-53 (2d Cir. 2013) (remanding for *second* evidentiary hearing).

WHEREFORE, Defendants renew their request for reconsideration of the Court's First R & R, the entry of an Order setting this motion for an evidentiary hearing, and such other and further relief as this Court may deem just and proper.

This 9th day of July, 2018.

Respectfully submitted,

/s/ **Bruce H. Morris**
Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road NW
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
  *Counsel for Defendant*
  *Jared Wheat*

/s/ **Arthur W. Leach**
Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
  *Counsel for Defendant*
  *Hi-Tech Pharmaceuticals, Inc.*

/s/ **James K. Jenkins**
James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
  *Counsel for Defendant*
  *Jared Wheat*

/s/ **Jack Wenik**
Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
  *Counsel for Defendant*
  *Hi-Tech Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing "Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc.'s Supplement to Motion for Reconsideration of First R & R and Request for Evidentiary Hearing: Objection to Continuing Search and Retention of Electronically Stored Information" through this District's ECF system, which will automatically serve all counsel of record.

This 9th day of July 2018.

*/s/ **Arthur W. Leach***_____
Arthur W. Leach
  *Counsel for Defendant*
  *Hi-Tech Pharmaceuticals, Inc.*