IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, AND<br>HI-TECH PHARMACEUTICALS, INC. | Criminal Action No.<br><br>1:17-CR-0229-AT-CMS |

**Status Report Regarding Defendants' Motions for a Bill of Particulars**

The United States of America, by Byung J. Pak, United States Attorney, and Nathan P. Kitchens and Cassandra J. Schansman, Assistant United States Attorneys for the Northern District of Georgia, hereby submits this status report regarding Defendant Jared Wheat and Hi-Tech Pharmaceutical's ("Hi-Tech") Motion for a Bill of Particulars (Doc. 106) and Defendant Brandon Schopp's Motion for a Bill of Particulars (Doc.108).

Pursuant to the Court's order of July 10, 2018, (Doc. 168), the parties conferred regarding the Defendants' requests in their two pending motions for a bill of particulars. Based on this discussion, the parties submit that there is only one issue that remains unresolved from these motions.

Regarding Count One of the Indictment, the Defendants' motions requested the identification of the emails and attachments containing the allegedly false

and fraudulent FDA Certificates of Free Sale, GMP Certificates, and/or GMP Audit Reports, and Defendant Hi-Tech requested additional details about these communications. (Doc. 106 at 6–7; Doc. 108 at 5). In order to resolve these requests, the government agreed to identify the relevant communications of which it is currently aware, to make reasonable efforts to update the Defendants as it identifies any additional relevant communications, and to provide a list of all communications containing allegedly false and fraudulent FDA Certificates of Free Sale, GMP Certificates, and/or GMP Audit Reports of which it is aware thirty days before the trial date, subject to modification. In exchange for this agreement, the Defendants agreed to withdraw their remaining requests regarding Count One.

Regarding Counts Two and Three of the Indictment, Defendant Hi-Tech's motion requested additional details about the false and fraudulent documents alleged in each count. (Doc. 106 at 8–9). The parties agreed that the government's identification of the relevant communications described above would sufficiently address Hi-Tech's requests, and Hi-Tech withdrew these specific requests.

Regarding Count Four of the Indictment, Hi-Tech's motion requested a list of any and all overt acts that the government alleges took place in furtherance of the money laundering conspiracy charged in Count Four. (*Id.* at 9). During the

conference, Hi-Tech proposed that the government identify each monetary transaction that it alleges was in furtherance of the conspiracy in order to apprise the Defendants of the specific transactions it seeks to prove at trial. The government clarified that the relevant monetary transactions are associated with the wire fraud violations charged in Counts One through Three of the Indictment, but noted that overt acts were neither alleged in the Indictment nor could be identified because money laundering conspiracy in violation of 18 U.S.C. § 1957 does not have an overt act requirement, and stated that Hi-Tech's request for a list of monetary transactions amounted to an impermissible request for the government's evidence at trial. This issue remains unresolved.

Regarding Counts Five through Nine of the Indictment, Hi-Tech's motion requested the identity of the specific unlawful activity that allegedly produced each monetary transaction alleged and the portion of the monetary transaction allegedly derived from wire fraud. (*Id.* at 9–11). The government confirmed that the specific unlawful activity underlying the substantive money laundering counts was the wire fraud violations alleged in Counts One through Three of the Indictment, and Hi-Tech agreed to withdraw its requests.

Regarding the Forfeiture Provision in the Indictment, Hi-Tech's motion requested notice of the precise property subject to the forfeiture penalty alleged

in the Indictment. (*Id.* at 14–17). Hi-Tech renewed its request that the government provide notice of the precise property subject to forfeiture, and the government agreed that it would update its bill of particulars for forfeiture (Doc. 41) as necessary.

The parties agreed that there are no additional requests that need to be resolved by the Court aside from Hi-Tech's request regarding Count Four.

Undersigned counsel has been advised that counsel for Defendant Schopp agrees with the above summary of the parties' discussion, and counsel for the remaining Defendants have expressed no position on the above summary.

                Respectfully submitted,

                BYUNG J. PAK
                  *United States Attorney*

              /s/NATHAN P. KITCHENS
                  *Assistant United States Attorney*
                Georgia Bar No. 263930
                Nathan.Kitchens@usdoj.gov

              /s/CASSANDRA J. SCHANSMAN
                  *Assistant United States Attorney*
                Georgia Bar No. 183184
                Cassandra.Schansman@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

July 20, 2018

/s/ NATHAN P. KITCHENS

NATHAN P. KITCHENS

*Assistant United States Attorney*