# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:17-CR-0229-AT-CMS |
| | ) | |
| JARED WHEAT, | ) | |
| JOHN BRANDON SCHOPP, and | ) | |
| HI-TECH PHARMACEUTICALS, INC. | ) | |
| | ) | |

**DEFENDANTS JARED WHEAT AND HI-TECH PHARMACEUTICALS, INC.'S MOTION TO DISMISS COUNT TEN IN THE SUPERSEDING INDICTMENT**

COME NOW Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), by and through their undersigned counsel, and pursuant to Fed. R. Crim. Pro. 12(b)(3)(B)(v), file this motion to dismiss Count Ten in the superseding indictment. In support of this request, Defendants respectfully show this Court the following:

## Introduction

Count Ten of the superseding indictment fails to state an offense because an agent or officer of a corporation, such as Mr. Wheat, "cannot be guilty of a criminal conspiracy with [a] corporation in the absence of another human actor." *United*

*States v. Stevens*, 909 F.2d 431, 431 (11th Cir. 1990). As explained below, the conspiracy alleged in Count Ten names only Mr. Wheat and Hi-Tech as defendants, and the only purported unindicted co-conspirator is Affiliated Distribution, Inc., a subsidiary of Hi-Tech. Because no human actors besides Mr. Wheat are alleged by the Government to be part of this conspiracy, Count Ten must be dismissed for failure to state an offense.

## Statement of Facts

### Count Ten of the Superseding Indictment – the Choledrene Conspiracy

Count Ten of the superseding indictment alleges a conspiracy to introduce misbranded drugs into interstate commerce in violation of 18 U.S.C. § 371 (the "Choledrene Conspiracy"). *See* Indictment, Doc. 7, ¶¶ 19-33. Only Jared Wheat and Hi-Tech are named as defendants in the Choledrene Conspiracy. They are also the only defendants named in Count Eleven, which alleges the substantive crime of introducing a misbranded drug into interstate commerce. *Id*. at ¶¶ 34-35. Notably, Defendant John Brandon Schopp is not named in any of these counts, nor is he or any other person listed as being involved in the conspiracy or the overt acts alleged to have occurred in furtherance of the Choledrene Conspiracy. *Id*. at ¶¶ 19-33.

**Defendants' Request for a Bill of Particulars and the Government's Response**

In early 2018, counsel for Defendants requested that the Government provide a list of the unidentified/unindicted co-conspirators and aiders and abettors for the various counts in the superseding indictment. The Government responded on February 1, 2018 and set forth various alleged co-conspirators for the three conspiracies charged in the indictment. *See* attached EXHIBIT A (February 1, 2018 Letter from AUSA Kitchens). Regarding the Choledrene Conspiracy, the sole unindicted co-conspirator identified by the Government was Affiliated Distribution, Inc., which is a fully owned subsidiary of Hi-Tech. *Id*. at 2. The Government's letter did not list any "human actors" as co-conspirators of Mr. Wheat and Hi-Tech to the Choledrene Conspiracy. *Id*.

A month after the Government's February 1, 2018 letter was received, Defendants filed their Motion for a Bill of Particulars. Doc. 106. That motion noted that "the Government provided the identity of all persons whom the Government contends are unindicted co-conspirators and aiders and abettors" and therefore sought "a representation from the Government that the information contained in the letter of February 1, 2018 [was] equivalent to a bill of particulars." *Id*. at 1-2. The Government obliged in its opposition to Defendants' motion and specifically stated "the government confirms that the information contained in its letter of February 1,

201[8] is equivalent to a bill of particulars, subject to amendment prior to trial." Doc. 129 at 8 n. 2.

## Argument and Citation of Authorities

### I.   The Choledrene Conspiracy Fails to State an Offense and is Ripe for Dismissal.

#### A.  Federal Rule of Criminal Procedure 12.

Rule 12(b)(3)(B)(v) states that the "following defenses, objections and requests *must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits*: . . . (B) a defect in the indictment or information, including: . . . (v) failure to state an offense." (emphasis added).

This is a substantial change from the pre-2014 version of Rule 12, which was amended to "clarif[y] which motions must be raised before trial." Notes of Advisory Committee on 2014 Amendments. In particular, Rule 12(b)(3)(B) was "amended to remove language that allowed the court *at any time while the case is pending* to hear a claim that the 'indictment or information fails . . . to state an offense." *Id*. (emphasis added). The import of this change is codified in Rule 12(c)(3), which holds that a party forgoes the right to file a motion that a charge fails to state an offense if it is not filed by the pretrial motion deadline.

Amended Rule 12's more stringent requirement for the filing of motions for failure to state an offense dictates that Defendants file their motion to dismiss the Choledrene Conspiracy now, even though the Government maintains that it has the right to amend its bill of particulars, because all such motions "must be raised by pretrial motion if the basis for the motion is then reasonably available . . . ." Fed. R. Crim. P. 12(b)(3)(C). Considering the pending pretrial motion deadline, and the wording of Rule 12(c) indicating that any such motion to dismiss the Choledrene Conspiracy filed after the deadline would be not be available to Defendants, this motion therefore is ripe. In light of this procedural posture, any attempt by the Government to continue to reserve the right to amend its bill of particulars as to the unindicted co-conspirators involved in Choledrene Conspiracy must therefore be rejected by the Court.

### B. The Purpose of a Bill of Particulars and the Penalty for Varying from It.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). Stated differently, "[a] bill of particulars amplifies the indictment by providing additional information." *United States v. Johnson*, 575 F.2d 1347, 1356

(5th Cir. 1978); *see also* 24 Moore's Federal Practice – Criminal Procedure § 607.07 ("A bill of particulars becomes a binding and limiting statement of material interstitial facts. The defendant may rely on facts presented in a bill of particulars as if they had been pleaded in the indictment, and the government may not present at trial information materially different from that disclosed in its bill absent a court order."). Minimizing surprise at trial, and the inherent prejudice that creates for Defendants, is the touchstone. *United States v. Martinez*, 466 F.2d 679, 686 (5th Cir. 1972).

Accordingly, where the proof offered at trial materially differs from the factual allegations set forth in the indictment, and as amplified by a bill of particulars, the trial proofs will be disallowed when it prejudices the defendant. *United States v. Lambert*, 501 F.2d 943, 947 (5th Cir. 1974) ("The foundation of the variance doctrine is the Fifth Amendment's command that 'no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.' If an indictment alleges particular facts as constituting an element of a charged crime, there is a variance if the trial judge admits evidence that makes out the element in a different manner."); *United States v. Johnson*, 575 F.2d 1347, 1356 (5th Cir. 1978) (applying variance doctrine from *Lambert* to

analysis of whether proofs offered at trial varied from those "amplified" by bill of particulars).[1]

An example of a prejudicial variance can be seen in *United States v. Flom*, 558 F.2d 1179 (5th Cir. 1977). One of the issues on appeal was "the failure of the government to abide by the bill of particulars which it had 'voluntarily' filed in response to a motion for a bill." *Id*. at 1185. The *Flom* Court observed that "[w]hether the government 'had to' file the bill or not, it chose to do so, and the defendants were entitled to rely on it until validly amended," and "[t]here [was] no question that the government flagrantly departed from the unambiguous statement of the bill that no evidence of particular contracts would be offered because it had no such evidence in its possession." *Id*. By introducing proofs that directly contradicted its statements in its bill of particulars, the Government's "maneuver was . . . highly prejudicial" and "not to be countenanced, . . . especially in a criminal prosecution." *Id*. at 1186.

---

[1] See *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

**C.    The Choledrene Conspiracy Must be Dismissed Because the Superseding Indictment, as Amplified by the Bill of Particulars, Fails to State an Offense.**

The Government has plainly failed to allege a legally valid conspiracy in the superseding indictment or as supplemented by the February 1, 2018 Bill of Particulars Letter. The Eleventh Circuit has long held that a "stockholder who completely controls a corporation and is the sole actor in performance of corporate activities, cannot be guilty of a criminal conspiracy with that corporation in the absence of another human actor." *Stevens*, 909 F.2d at 431. The Court reached this conclusion after analyzing the rationale for criminal conspiracy law:

> The threat posed to society by these combinations arises from the creative interaction of two autonomous minds. *It is for this reason that the essence of a conspiracy is an agreement.* The societal threat is of a different quality when one human simply uses the corporate mechanism to carry out his crime. The danger from agreement does not arise.

*Id.* at 433 (emphasis added).

More simply put: "punishment [for a criminal conspiracy] is targeted not at the substantive offenses themselves, but at the danger posed to society by combinations of *individuals acting in concert*. *Id*. (emphasis added).

The rule from *Stevens* was relied on and expanded by the Northern District of Florida in *United States v. Panhandle Trading, Inc*., 2006 U.S. Dist. LEXIS 46195 (N.D. Fl. July 7, 2006), which held:

> "In no case cited by the government or in any authority known to this Court has it been held that an agent or officer of a corporation, regardless of whether he is the sole shareholder or dominant member of the corporation, can conspire with that corporation when the indictment fails to allege that any other agent or officer of the corporation was also involved in the alleged wrongdoing. *A sole corporate agent cannot conspire with a corporation because a corporation has no mind of its own; the agent would, in effect, be conspiring with himself. Only where more than one agent is implicated can a conspiracy occur.*

*Id*. at *9 (emphasis added).

Here, Mr. Wheat and Hi-Tech are the only two charged participants in the Choledrene Conspiracy alleged in the superseding indictment. The Government's February 1, 2018 Bill of Particulars Letter added Affiliated Distribution, Inc., as the only other entity named as an unindicted co-conspirator as to the Choledrene Conspiracy. Because only one of these three alleged co-conspirators is a "human actor," *Stevens*, 909 F.2d at 431, the Choledrene Conspiracy must be dismissed for failure to state an offense.

## Conclusion

WHEREFORE, Defendants respectfully request that Count Ten be dismissed for failure to state an offense.

This 28th day of September, 2018.

Respectfully submitted,

/s/ Bruce H. Morris
Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road NW
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
  Counsel for Defendant
  Jared Wheat

/s/ Arthur W. Leach
Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
  Counsel for Defendant
  Hi-Tech Pharmaceuticals, Inc.

/s/ James K. Jenkins
James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
  Counsel for Defendant
  Jared Wheat

/s/ Jack Wenik
Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
  Counsel for Defendant
  Hi-Tech Pharmaceuticals, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing "Motion to Dismiss Count Ten of Superseding Indictment" through this District's ECF system, which will automatically serve all counsel of record.

This 28th day of September, 2018.

*/s/ Arthur W. Leach*

Arthur W. Leach
   *Counsel for Defendant*
   *Hi-Tech Pharmaceuticals, Inc.*