IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, AND<br>HI-TECH PHARMACEUTICALS, INC. | Criminal Action No.<br><br>1:17-CR-0229-AT-CMS |

**UNITED STATES' RESPONSE TO DEFENDANTS WHEAT AND
HI-TECH'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION**

The United States of America, by Byung J. Pak, United States Attorney,
and Nathan P. Kitchens, Cassandra J. Schansman, and Kelly K. Connors,
Assistant United States Attorneys, for the Northern District of Georgia, responds
to Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc.'s ("Hi-Tech's")
Motion to Dismiss for Selective Prosecution (Doc. 193) (hereinafter the "Selective
Prosecution Motion"). Defendants have not met their heavy burden of proving
either element of a selective prosecution claim – (1) that they are similarly
situated to others not prosecuted for the same offense; and (2) that the
prosecution is motivated by a discriminatory purpose rising to the level of a
constitutional violation. *See United States v. Brantley*, 803 F.3d 1265, 1271 (11th
Cir. 2015), *cert. denied*, 136 S. Ct. 1833 (2016). Accordingly, the Court should deny
the Selective Prosecution motion on the papers, without an evidentiary hearing
or ordering unnecessary discovery to support this frivolous claim.

## Background

Defendants Wheat and Hi-Tech were originally indicted in this case on June 28, 2017.  Doc. 1.  Thereafter, on September 28, 2017, a superseding indictment was returned charging Defendants Wheat and Hi-Tech with, *inter alia*: (a) conspiracy to introduce misbranded drugs into interstate commerce (Count Ten); (b) introduction of misbranded drugs into interstate commerce (Counts Eleven and Sixteen – Eighteen); (c) conspiracy to manufacture and distribute controlled substances (Count Twelve); and (d) manufacturing and distributing controlled substances (Counts Thirteen – Fifteen).  Doc. 7 at 8-16. Defendants now move to dismiss Counts Ten through Eighteen of the First Superseding Indictment, arguing that the government impermissibly targeted them for prosecution, and have requested discovery on their selective prosecution claim.  Doc. 193.

## Argument and Citation to Authority

### I.    Legal Standard for Selective Prosecution Claim

"[I]n the criminal-law field, a selective prosecution claim is a *rara avis*" that "invade[s] a special province of the Executive – its prosecutorial discretion." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489 (1999); *see also United States v. Smith*, 231 F.3d 800, 811 (11th Cir. 2000) ("[Courts] are neither authorized nor competent to second guess the government on which among the

2

universe of different crimes should be prosecuted."); *United States v. Lamberti*, 847 F.2d 1531, 1535 (11th Cir. 1988) ("Some selectivity in the decision to prosecute criminal offenses is constitutionally permissible and appropriate, and courts will normally tread lightly when reviewing that decision.").  "As a result, [a] presumption of regularity supports . . . prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties."  *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quotation marks omitted).

The Supreme Court has thus "taken great pains to explain that the standard [to prove a claim of selective prosecution] is a demanding one."  *Id.* at 463.  Indeed, in order to prevail on a selective prosecution claim, a defendant is required to demonstrate by *clear* evidence that his prosecution: (1) has a discriminatory effect; and (2) was motivated by a discriminatory purpose.  *See United States v. Jordan*, 635 F.3d 1181, 1188 (11th Cir. 2011) (citations omitted).

Moreover, "[t]he justifications for a rigorous standard for the elements of a selective-prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a claim." *Armstrong,* 517 U.S. at 468.  Accordingly, when a defendant raises a selective prosecution claim, "[a]n evidentiary hearing is not automatically required; instead, the defendant must present facts sufficient to create a reasonable doubt about the constitutionality of a prosecution."  *United*

3

*States v. Silien*, 825 F.2d 320, 322 (11th Cir. 1987) (quotations omitted); *see also*

*Owen v. Wainwright*, 806 F.2d 1519, 1523 (11th Cir. 1986).  Likewise, in order to

obtain discovery in support of a selective prosecution claim, a defendant must

provide "some evidence tending to show the existence of the essential elements

of the defense."  *Jordan*, 635 F.3d at 1188 (citation and internal quotations

omitted).

For the reasons stated below, Defendants have presented *no* evidence,

much less clear evidence, of either a discriminatory effect or a discriminatory

purpose.  Accordingly, Defendants' motion should be denied without an

evidentiary hearing or discovery.

## II.      Defendants Fail to Identify a Single Similarly Situated Individual or Company that the Government Has Failed to Prosecute

The discriminatory effect element of a selective prosecution claim requires

Defendants to clearly demonstrate that "similarly situated individuals were not

prosecuted." *Smith*, 231 F.3d at 809.  As the Eleventh Circuit has explained,

> [A] "similarly situated" person for selective prosecution purposes
> [is] one who engaged in the same type of conduct, which means that
> the comparator committed the same basic crime in substantially the
> same manner as the defendant—so that any prosecution of that
> individual would have the same deterrence value and would be
> related in the same way to the Government's enforcement priorities
> and enforcement plan—and against whom the evidence was as
> strong or stronger than that against the defendant.

*Id.* at 810.  Moreover, the Eleventh Circuit "consider[s] a comparison of criminal histories . . . to be relevant to the 'similarly situated' inquiry."  *Jordan*, 635 F.3d at 1188 (citation omitted).

In their motion, Defendants fail to identify a single similarly situated comparator to satisfy the discriminatory effect prong.  Instead, Defendants make general, unsubstantiated claims that the dietary supplement market is "replete . . . with the exact same conduct" and "that the government has never prosecuted" a dietary supplement manufacturer for this conduct before.  Doc. 193 at 11.  Such bald assertions fall woefully short of satisfying Defendants' "heavy burden" to prove that Defendants' prosecution has a discriminatory effect.[1]  *See Jordan*, 635 F.3d at 1189.

More importantly, Defendants conveniently gloss over the consideration of a defendant's criminal history when analyzing the "similarly situated" prong and for good reason – it is fatal to Defendants' selective prosecution claim.

_____

[1] Defendants' claims are also wrong.  The government has indeed prosecuted numerous companies and individuals for similar criminal conduct related to the manufacture and/or distribution of purported dietary supplements that contained anabolic steroids, both in this district and others.  *See, e.g.*, *United States v. Mesika, et al.*, No. 1:16-CR-00224-MHC-CMS (N.D. Ga.); *United States v. Houser, IV*, No. 1:17-CR-00134-MHC (N.D. Ga.); *United States v. Anabolic Science Labs, LLC and Robert Eric DuBois*, No. 2:16-CR-20035-JTF (W.D. Tenn.); *United States v. De Melo, Sr.*, No. 2:15-CR-20012-STA (W.D. Tenn.); *United States v. Bodybuilding.com, LLC*, No. 1:12-CR-00115-BLW (D. Idaho); *United States v. DeLuca*, No. 1:12-CR-00090-BLW (D. Idaho).

Defendant Wheat is a twice-convicted felon, who previously served separate 24-month and 50-month prison sentences. *See United States v. Wheat*, No. 2:91-CR-157-WMA (S.D. Ala) (Doc. 11) (imposing a 24-month sentence for violating terms of supervised release)[2]; *United States v. Wheat, et al.*, No. 1:06-CR-382-JTC-1 (N.D. Ga.) (Doc. 740) (imposing a 50-month sentence following Wheat's guilty plea to one count of conspiracy to commit mail/wire fraud and to introduce unapproved/adulterated drugs into interstate commerce).[3] In 2014, Wheat also was incarcerated for over two months for contempt of court during Hi-Tech's ongoing civil litigation with the Federal Trade Commission. *See FTC v. National*

---

[2] Wheat was convicted in 1991 in the Southern District of Alabama on federal controlled substances charges and placed on supervised release. Thereafter, in 1995, Wheat was arrested in Alabama and charged by the State with driving under the influence, reckless driving, and marijuana trafficking after he was stopped while driving a vehicle transporting approximately 20 pounds of marijuana and over $30,000 in cash. Following a revocation hearing in his federal criminal case, Wheat was sentenced to 24 months' incarceration for violating the terms of his 1991 supervised release.

[3] Hi-Tech also entered a plea of guilty to one count of conspiracy to commit mail/wire fraud and to introduce unapproved/adulterated drugs into interstate commerce in *United States v. Wheat, et al.*, No. 1:06-CR-382-JTC-1 (N.D. Ga.), and was sentenced to 60 months' probation. (Docs. 692 and 746). In so pleading guilty, Wheat and Hi-Tech admitted to criminal conduct that occurred, at least in part, while both were under a 2003 Consent Decree of Permanent Injunction prohibiting them from, among other things, introducing unapproved and/or misbranded drugs into interstate commerce. *See United States v. Hi-Tech Pharmaceuticals, Inc., et al.*, No. 1:03-CV-02789-RLV (N.D. Ga.) (Doc. 2).

*Urological Group, Inc., et al.*, No. 1:04-CV-3294-CAP (N.D. Ga.) (Docs. 726 and 796) (ordering Wheat's incarceration from Sept. 5, 2014, through Nov. 10, 2014).

Thus, Defendants are not simply required to identify another dietary supplement manufacturer that engaged in the same conduct as that alleged in Counts Ten through Eighteen.  Instead, Defendants must clearly demonstrate that the government was aware of, but declined to prosecute, another dietary supplement manufacturer that: (a) engaged in the same conduct as that alleged in Counts Ten through Eighteen; *and* (b) has the same criminal history as that of Wheat and/or Hi-Tech.  *See Jordan*, 635 F.3d at 1189.  Defendants have wholly failed to do so, and for that reason alone, their motion should be denied.  *See United States v. Mwangi,* No. 1:09-CR-107-TWT, 2010 WL 690136, at *14 n. 9 (N.D. Ga. Feb. 18, 2010) (noting that when a defendant fails to establish "the first element for a selective prosecution claim, it is unnecessary to examine the second element of such a claim").

### III.   Defendants Wholly Fail to Allege a Discriminatory Motivation Against Any Identifiable Group

Even if Defendants could satisfy the discriminatory effect prong, which they cannot, their selective prosecution claim still fails because they cannot show discriminatory intent.  *See United States v. Hawkins*, No. 2:12-CR-00206-LSC-HGD, 2012 WL 3627826, at *4 (N.D. Ala. Aug. 10, 2012) *(*quoting *Rickett v. Jones,* 901

F.2d 1058, 1061 (11th Cir. 1990)) ("Intention and purposeful discrimination is essential to a selective prosecution claim").

As a selective prosecution claim is rooted in the equal protection principles of the Constitution, a defendant must demonstrate by clear evidence that the government "chose to prosecute him (and refrain[ed] from prosecuting others) based on [d]efendant's membership in an 'identifiable group,' such as a classification based on race, national origin, age, religion, or other arbitrary classification." *United States v. Purdy*, No. 2:16-CR-005-RWS-JCF, 2016 WL 7007542, at *4 (N.D. Ga. Oct. 25, 2016), *report and recommendation adopted*, No. 2:16-CR-005-RWS-JCF, 2016 WL 6956759 (N.D. Ga. Nov. 28, 2016); *see also United States v. Hill,* No. 1:16-CR-051-TWT-JSA, 2016 WL 6246887, at *5 (N.D. Ga. Sept. 16, 2016), *report and recommendation adopted,* No. 1:16-CR-051-TWT, 2016 WL 6217122 (N.D. Ga. Oct. 25, 2016) ("Defendant has provided no evidence to indicate that he is part of a particular class of persons being discriminated against. He has not claimed religious persecution or racial discrimination.").

Here, Defendants have failed to even identify which protected group or class the government is supposedly discriminating against by bringing the current prosecution against them. Indeed, Defendants' selective prosecution arguments "seem[] to be based solely on the fact that [they are] being prosecuted, and there are some others who are not." *Hill*, No. 1:16-CR-051-TWT-JSA, 2016

WL 6246887, at *5.  As this Court has held repeatedly, such bare allegations of discriminatory intent are "not sufficient to meet the rigorous standard required to establish selective prosecution and warrant a dismissal of the Indictment."  *Id.*; *see also Purdy*, No. 2:16-CR-005-RWS-JCF, 2016 WL 7007542, at *4 (rejecting defendant's selective prosecution claim, noting that "[t]he only group [defendant] has identified is the group of persons the Government has chosen to prosecute. That is insufficient to meet his demanding burden") (collecting cases); *United States v. Johnson*, 577 F.2d 1304, 1309 (5th Cir. 1978) (recognizing that "[s]election, moreover, is not impermissible solely because it focuses upon those most vocal in their opposition to the law which they are accused of violating").[4]

## Conclusion

Defendants say "thorn in FDA's side," the government says "criminal recidivists."[5]  Either way, Defendants have failed to meet the heavy burden of demonstrating that they are similarly situated to others not prosecuted and that the government's prosecution is based on a discriminatory purpose rising to the level of a constitutional violation.  Accordingly, Defendants' Selective

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[5] *See* Ira & George Gershwin, *Let's Call the Whole Thing Off*, performed by Fred Astaire & Ginger Rogers in *Shall We Dance* (1937) ("You say either and I say either/You say neither and I say neither").

Prosecution Motion should be denied without an evidentiary hearing or

discovery.

Respectfully submitted,

BYUNG J. PAK
    *United States Attorney*

/s/ NATHAN P. KITCHENS
    *Assistant United States Attorney*
    Georgia Bar No. 263930
    Nathan.Kitchens@usdoj.gov

/s/ CASSANDRA J. SCHANSMAN
    *Assistant United States Attorney*
    Georgia Bar No. 183184
    Cassandra.Schansman@usdoj.gov

/s/ KELLY K. CONNORS
    *Assistant United States Attorney*
    Georgia Bar No. 504787
    Kelly.Connors@usdoj.gov

**<u>Certificate of Service</u>**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

December 21, 2018

/s/ NATHAN P. KITCHENS
NATHAN P. KITCHENS
*Assistant United States Attorney*