# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:17-CR-0229-AT-CMS |
| | ) | |
| JARED WHEAT, | ) | |
| JOHN BRANDON SCHOPP, and | ) | |
| HI-TECH PHARMACEUTICALS, INC. | ) | |
| | ) | |

## JARED WHEAT AND HI-TECH PHARMACEUTICALS, INC.'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN IN THE SUPERSEDING INDICTMENT

Defendants Jared Wheat and Hi-Tech, by and through their undersigned counsel, file this Reply to the Government's Response, Doc. 211, to Defendants' Motion to Dismiss Count Ten in the Superseding Indictment, Doc. 192.

## INTRODUCTION

In its Response, the Government does not dispute that it is hornbook law that an individual cannot be guilty of criminal conspiracy if the only other conspirator is a corporation. Doc. 211 at 6. Similarly, the Government does not contest that, other than Jared Wheat, there is no other human being identified as a co-conspirator in the Count Ten conspiracy, either in the superseding indictment or the Government's bill of particulars. Nevertheless, the Government contends that the motion is premature

and cannot be decided until all its evidence is presented at trial. As shown below, the superseding indictment, as amplified by the Government's bill of particulars, fails on its face to state an offense, and this motion is ripe for decision.

The Government further argues that Defendants' Motion to Dismiss can be rendered moot by an amendment of its bill of particulars, down the road, to name additional human conspirators. However, despite the fact that this case has been actively litigated for more than a year now, it still has not done so. This suggests one of two things. First, that for tactical reasons, the Government does not want to reveal the identities of Jared Wheat's co-conspirators at this time. As shown below, this is an improper infringement of Defendants' rights. Alternatively, the Government does not know at this time who Jared Wheat's purported co-conspirators are. If this is so, then Count Ten should be dismissed or, at the very least, the Court should review the grand jury materials *in camera* to determine whether the grand jury was misled in authorizing this charge.

## ARGUMENT AND AUTHORITIES

### I.   Count Ten of the Superseding Indictment Fails to State an Offense, and Defendants' Motion to Dismiss is Ripe for Decision.

The Government argues that Defendants' motion to dismiss is really a challenge to the sufficiency of the evidence that is "improper at this pre-trial stage." Doc. 211 at 4. Not so. Taken to its logical extreme, the Government's position would preclude any motion to dismiss on the theory that any deficiency in an indictment can be offset by evidence presented at trial. The Government's argument ignores

both the Federal Rules of Criminal Procedure and the law of criminal conspiracy and should be rejected.

As set forth in Defendants' Motion, Rule 12(b)(3) of the Federal Rules of Criminal Procedure was amended in 2014 to require that a motion to dismiss a count of an indictment for failure to state an offense must be made by the deadline for pretrial motions, rather than at any time while the case is pending.  Doc. 192 at 4-5. The Advisory Notes indicate that: "The types of claims subject to Rule 12(b)(3) generally will be available before trial and they can – *and should* – be resolved then." (Emphasis added).  Simply put, the Court does not need to wait until the conclusion of a trial in this matter to determine whether or not Count Ten states an offense.[1]

To begin, a conspiracy requires an agreement between two or more persons; an agreement between a person and a corporate entity is insufficient. It is the Government, not the Defendants, who misreads the Eleventh Circuit's decision in *United States v. Stevens,* 909 F.2d 431 (11th Cir. 1990). The decision is not, as the Government suggests, limited to circumstances where a defendant was the sole shareholder, exercised sole control and was the only agent of a corporation. *See* Doc.

---

[1] Moreover, the Government's approach creates the risk of tainting any trial in this matter. Admitting evidence under a conspiracy theory which does not state a valid offense risks creating a mistrial situation for the defendants.  *See United States v. Adkinson,* 135 F.3d 1363, 1370-72 (11th Cir. 1998) (district court's refusal to dismiss pretrial facially flawed conspiracy charge rendered trial "fundamentally unfair" and denied defendants due process of law).

211 at 6.[2] Rather, *Stevens* stands for the general proposition that a criminal conspiracy requires more than a single individual and the corporation of which he or she is an agent. *Stevens,* 909 F.2d. at 432-33. The additional decision cited by the Government, Doc. 211 at 8-9, *United States v. Giuseppe Bottiglieri Shipping Co.,* No. Crim. 12-0057-WS-C, 2012 WL 1899844 (S.D. Ala. May 24, 2012), stands for the same proposition: "It is true that a conspiracy requires at least two natural persons, and that a corporate agent cannot unlawfully conspire with the company whose agent he is." *Id.* at *4.

The Government points out that "the sufficiency of a criminal indictment is determined from its face." Doc. 211 at 13. Count Ten mentions no other individual beside Jared Wheat. The charge alleges that: "… the defendants, Jared Wheat and Hi-Tech Pharmaceuticals, Inc., did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other…" Doc. 7 at 8. That language simply does not state a criminal conspiracy. A "tacit understanding" between an individual and a corporation is not sufficient.

The language in the instant indictment contrasts with that in *Giuseppe Bottiglieri Shipping Co.*, where the defendant was charged with conspiring with

---

[2] In any event, this is precisely how the Government views Jared Wheat's role *vis a vis* Hi-Tech. *See* Government's Response to Defendants' Motion to Compel Discovery, Doc. 210: "[FDA] has been involved in several investigations involving products manufactured and distributed by Defendant Hi-Tech, *a company owned and operated by Defendant Jared Wheat*." *Id.* at 2 (emphasis added).

"GBS Co., *acting through its agents and employees*, who were acting within the scope of their agency and employment, and for the intended benefit, at least in part, of Defendant GBS Co." *Giuseppe*, 2012 WL 1899844 at *4 (emphasis in original). The court went on to make the unremarkable ruling that the Government was not required to name all of GBS Co.'s agents in the indictment. *Id.* That is a dramatically different circumstance than the case at bar where the Government has charged Jared Wheat with entering into a tacit understanding with Hi-Tech as a whole.[3]

Recognizing this problem, the Government falls back on the boilerplate language in Count Ten that the conspiracy also included "other persons known and unknown to the Grand Jury" in an attempt to save this count from dismissal. Doc. 211 at 5-6. However, given the Government's bill of particulars in this matter, as described below, that argument also falls woefully short. The Government has not identified any conspirators, either known or unknown to the grand jury, who are natural persons. Thus, Count Ten remains fatally defective, as it only charges a conspiracy between Jared Wheat and Hi-Tech.

---

[3] The Government's argument that a "group of conspirators" cannot escape liability because they all work for the same corporation, Doc. 211 at 7, is irrelevant since such a circumstance is not before the Court under the language of the instant indictment.

**II.   If There Are Additional Human Conspirators Involved in the Alleged Conspiracy Set Out in Count Ten, They Must be Named Now or the Count Should Be Dismissed.**

Defendants contend that Count Ten is defective and cannot be "cured" by a bill of particulars.[4] However, Defendants agree that, as a practical matter, the Government can alleviate any prejudice from the defect in Count Ten by amending its bill of particulars to identify the supposed additional human conspirators. *See* Doc. 211 at 14-15. What Defendants strenuously dispute is the Government's contention that it does not yet have an obligation to identify Jared Wheat's supposed co-conspirators, *id.* at 8, and that it is entitled to amend its bill of particulars at any time, including the eve of trial. *Id.* at 14-15.  The superseding indictment has been pending since September of 2017. Doc. 7.[5] Whatever conspirators there are who "were known to the grand jury" or any who the Government claims were unknown, should be named now or the count dismissed.

As Defendants noted in their Motion, once the Government voluntarily submits a bill of particulars, the Government is bound by it, and Defendants are entitled to rely on it in conducting their defense.  Doc. 192, at 7.  As set forth in the Government's Response, they committed themselves to identifying the unindicted

---

[4] *See United States v. Soldano,* 626 F. Supp. 384 (S.D. Fla. 1986) (indictment which fails to identify any conspirators other than "persons known and unknown to the grand jury" must be dismissed as it cannot be cured by bill of particulars identifying conspirators).

[5] Defendants were initially indicted in June of 2017. Doc. 1.

co-conspirators and aiders and abettors to the charges in the indictment. Doc. 211 at 2-3. Defendants are entitled to rely on this and would be prejudiced if they could not, as any factual investigation must be, in significant part, based on this information supplied by the Government. Contrary to the Government's arguments, the Government does not have *carte blanche* to amend its bill of particulars at any time and in any manner they wish. Rather, proposed amendments are "subject to such conditions as justice requires." Fed. R. Crim. P. 7(f).[6]

Generally, the purpose of a bill of particulars is to ensure that a defendant can prepare a proper defense and avoid surprise at trial. *See United States v. Cole,* 755 F.2d 748, 760 (11th Cir. 1985). It is for precisely this reason that courts in this district order the disclosure of the identities of co-conspirators and aiders and abettors who are not identified in an indictment. *See, e.g., United States v. Goldenshtein,* No. 1:10-CR-00323-TCB-RGV, 2011 WL 1321573, at *13-14 (N.D. Ga. Feb. 22, 2011) (ordering disclosure of same). In the instant matter, as noted in numerous other filings, there are voluminous electronic and hard copy documents. How can the Defendants begin to construct their defense to Count Ten's conspiracy charge if they do not even know the identities of the alleged conspirators to search

---

[6] None of the case law cited by the Government regarding a bill of particulars was decided after the amendment of Fed. R. Crim. P. 12. Counsel are unable to locate any case law that discusses the relationship between amended Rule 12(b)(3), which now requires that a motion to dismiss for failure to state an offense be brought pre-trial, and Rule 7, which governs the amendment of a bill of particulars.

for emails and documents and interview witnesses?  *See United States v. Seaboard C.L.R. Co.,* 326 F.Supp. 897, 898 (M.D. Fla. 1971) (information must be dismissed where its contents do not ensure that the defendant "will not be misled in its preparation of a defense").

In this regard, the Government's argument that there is no prejudice in not knowing the identities of the conspirators because Jared Wheat allegedly knows "…which Hi-Tech employees were responsible for manufacturing, labeling, and selling Choledrene," Doc. 211 at 10, borders on the absurd.  First of all, it is an erroneous assumption to conclude that Jared Wheat has personal knowledge of which, among the hundreds of employees and contract workers of Hi-Tech who came and went over the alleged five year (July 2009 to June 2014) conspiratorial period, had something or anything to do with the manufacture or sale of Choledrene. Second, and more importantly, the crime, if there was one, was an illegal agreement. It is not enough that an employee had some connection to Choledrene.  To be a conspirator, he or she must have had some knowledge of the unlawful objective and knowingly participated in the agreement.  *See United States v. Chandler,* 388 F.3d 796, 805 (11th Cir. 2004).  In order for Defendants to prepare a proper defense and avoid surprise at trial, the onus is on the Government to identify which of Hi-Tech's employees/contractors meets the criteria of an alleged conspirator, *i.e.*, someone who was part of an agreement with Jared Wheat to commit an illegal act.

The Government can point to no legitimate reason why it cannot and should not disclose to Defendants the identities of those conspirators in Count Ten "known to the grand jury" and/or any other purported conspirators.  As stated in their most recent filings, the Government has had multiple investigations of Jared Wheat and Hi-Tech pending since August of 2011.  *See* Doc. 212 at 1-2.  As the Court knows from other pleadings, the Government has had Jared Wheat's email communications for the period in question for years to review and examine.  It is simply inconceivable that the Government, as of the date of the instant motion, does not know the identities of the conspirators underlying Count Ten – if indeed there are any.  Withholding their disclosure for tactical advantage at the expense of Defendants' right to conduct a full and thorough defense is improper.

After all this passage of time, expenditure of investigative resources, and multiple opportunities to prepare and amend its bill of particulars, the only other "conspirator" identified by the Government for Count Ten is Affiliated Distribution, Inc.  *See* Doc. 192-1. As noted above, a criminal conspiracy requires two or more human beings.  The Government does not cite any authority for the proposition that there can be a conspiracy between one person and two corporations, and counsel

have been unable to locate any. The addition of yet another corporation does not avert the need to dismiss Count Ten as insufficient to state a crime.[7]

## III.  The Government Cannot Rely on Conspirators It has Not Yet Discovered to Cure the Defect in Count Ten of the Indictment.

The Government notes that it reserved the right to modify its disclosure of the identities of conspirators "…based on further investigation."  Doc. 211 at 3.  It seems that the Government wishes to couple this "reservation of right" with its contention that it is permitted to amend its bill of particulars at any time to save Count Ten via its hope for the discovery of new conspirators.  While, of course, it is the Government's prerogative to continue its investigation of the Defendants, it cannot cure the defect in Count Ten by discovering alleged new members of the conspiracy subsequent to the grand jury's consideration of the matter.  If, as of the motion date, it is not aware of any human conspirators with Jared Wheat, the count should be dismissed.

A bedrock principle of federal criminal law is that a defendant has a constitutional right only to be charged with a serious crime where a grand jury has first

---

[7] The Government's addition of another corporation not only fails to add another human being, it is misleading because well before the return of the indictments in this case the Government had actual knowledge that Affiliated Distribution is a wholly owned subsidiary of Hi-Tech, having repeatedly seized substantial sums of monies from Affiliated Distribution bank accounts to satisfy a judgment against Hi-Tech, based on the theory that the entities were one and the same.  *See, e.g.,* Docs. 434, 780, and 787, *FTC v. Nat'l Urological Grp., Inc., et al.*, 1:04-cv-3294 (N.D. Ga.). In short, under no legal or factual theory can Affiliated Distribution satisfy the requirement that the conspiracy alleged in Count Ten involves at least two human conspirators.

found probable cause of same. *United States v. Calandra,* 414 U.S. 338, 342-43 (1974). Moreover, the prosecution is limited to the conduct charged by the grand jury; an indictment cannot be constructively amended by the presentation of evidence of conduct that was not presented to the grand jury. *Stirone v. United States,* 361 U.S. 212 (1959) (Hobbs Act conviction reversed where indictment alleged interference with shipments of sand, but Government introduced evidence of interference with shipments of steel).

Simply put, if the Government's interpretation of the phrase "other persons known and unknown to the grand jury" includes individuals literally "unknown" to the grand jury and/or the Government at the time of the superseding indictment but were discovered after the return of the superseding indictment, Count Ten fails. In order to establish probable cause that a criminal conspiracy existed, the grand jury had to be presented with some evidence that another human being was a party to an illegal agreement with Jared Wheat, not just Hi-Tech.[8]

At the very least, the Court should examine the grand jury record of this matter to ascertain the nature of the grand jury's conclusion. Was any evidence presented of

---

[8] Of course, if "unknown" only means that the grand jury did not know the names(s) of the individual(s) in question, probable cause could still be established for a conspiracy if evidence was presented that such a person existed. *See United States v. Lance,* 536 F.2d 1065, 1068 (5th Cir. 1976) (a defendant could be convicted of conspiring with an individual whose name is unknown if indictment alleges the person exists and there is evidence the person exists).

another individual, named or unnamed, conspiring with Mr. Wheat?  Or was the grand jury instructed to simply assume that Wheat controlled Hi-Tech and that therefore someone employed by or associated with Hi-Tech must have been involved in the conspiracy with him?

The case of *United States v. ITT Blackburn Co., Div. of ITT,* 824 F.2d 628 (8th Cir. 1987), is instructive in this regard.  In *ITT Blackburn*, both the Government and the defendant agreed with the proposition that an unincorporated division of a corporation cannot be charged with a crime because it is not a legal entity.  The face of the indictment did not name the corporation, ITT, as a defendant, but rather its unincorporated division, Blackburn. The Government argued that, as a practical matter, ITT had been indicted. The court reversed the conviction in the case after reviewing the record of the grand jury proceedings, noting that "the prosecutor's attempt to try ITT on this indictment improperly overrode the intent of the grand jury. The grand jury clearly named Blackburn and two of its officers as defendants, not ITT." *Id.* at 633.

Similarly here, if the grand jury's intent was to charge a conspiracy solely between Jared Wheat and Hi-Tech, the Government cannot override that intent by offering evidence of other conspirators that were never mentioned or hinted at to the grand jurors.  Absent evidence presented to the grand jury that another natural person was involved in the Count Ten conspiracy, the charge should be dismissed.

## CONCLUSION

Count Ten of the superseding indictment should be dismissed with prejudice for failure to state an offense, and the Court should grant such other relief as is just and proper.

This 21st day of December, 2018.

Respectfully submitted,

*/s/ Bruce H. Morris*

Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road NW
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
*Counsel for Defendant*
*Jared Wheat*

*/s/ Arthur W. Leach*

Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
*Counsel for Defendant*
*Hi-Tech Pharmaceuticals, Inc.*

*/s/ James K. Jenkins*

James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
*Counsel for Defendant*
*Jared Wheat*

*/s/ Jack Wenik*

Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
*Counsel for Defendant*
*Hi-Tech Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing "Jared Wheat and Hi-Tech Pharmaceuticals, Inc.'s Reply in Support of Defendants' Motion to Dismiss Count Ten in the Superseding Indictment" through this District's ECF system, which will automatically serve all counsel of record.

This 21st day of December 2018.

*/s/ Arthur W. Leach*

Arthur W. Leach
  *Counsel for Defendant*
  *Hi-Tech Pharmaceuticals, Inc*