IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   v.<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, AND<br>HI-TECH PHARMACEUTICALS, INC. | Criminal Action No.<br><br>1:17-CR-0229-AT-CMS |

**United States's Response in Opposition to Defendants' Motion for Return of Property Seized from AOL and Yahoo**

The United States of America, by Byung J. Pak, United States Attorney, and Nathan P. Kitchens, Cassandra J. Schansman, and Kelly K. Connors, Assistant United States Attorneys for the Northern District of Georgia, files this response in opposition to Defendants Hi-Tech Pharmaceuticals' ("Hi-Tech's") and Jared Wheat's motion for return of property seized from AOL and Yahoo. (Doc. 166).

In its April 5, 2019 Order, the Court noted that "it appears that the stated reason for filing the Motion for Return of Property no longer exists and that the motion may be moot." (Doc. 241 at 10). The Court is correct. Defendants do not contest that the Court's order of October 31, 2018 ("the October 31 Order"), prohibited the Government from accessing any of the electronic data obtained from AOL and Yahoo after December 4, 2018, other than the non-privileged,

responsive documents produced to Defendants on that date. (Doc. 246 at 3). Nor do Defendants suggest that the Government has failed to comply with the October 31 Order in any respect. But Defendants nevertheless contend that they are "aggrieved" by the "deprivation of property" relating to certain emails, Fed. R. Crim. P. 41(g), which Defendants already possess and which the Government cannot access. Defendants' motion for return of property founders on their failure to make a threshold showing of any "deprivation of property" in the wake of the October 31 Order, and the Court properly permitted the Government to retain a copy of all electronic information obtained from Yahoo and AOL based on its potential evidentiary value and the need to preserve the record.[1]

## Argument

Under Rule 41(g), a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

---

[1] Defendants' Supplemental Brief also suggests that the government should destroy certain records obtained in the premises search warrants executed in October 2017. (Doc. 246 at 3–4). But Defendants have not filed a separate motion for return of documents seized in the premises search warrants. To the extent Defendants now seek the destruction of these records, however, their request should be rejected for the same reasons. The Court's order of November 1, 2018 renders their request moot because the government can no longer access the materials referenced in Defendants' motion, (Doc. 205), and these materials retain evidentiary value for the same reasons discussed below.

Fed. R. Crim. P. 41(g). This rule provides a remedy when a party establishes "interference with the lawful use of property." *Id.*, Advisory Committee Note to 1989 Amendments.[2] Rule 41(g) motions are governed by a reasonableness standard, and "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." *Id.*

Defendants "bear[] the burden of establishing under Rule 41(g) that the retention of the property is unreasonable while the prosecution is ongoing." *United States v. Sadiki-Yisrael*, No. 1:16-CR-145-TWT-JKL, 2018 WL 5091914, at *13 (N.D. Ga. May 24, 2018), *report and recommendation adopted*, No. 1:16-CR-145-TWT, 2018 WL 5085687 (N.D. Ga. Oct. 18, 2018); *see also United States v. Young*, No. 1:07-CR-0114-BBM, 2008 WL 11383978, at *5 (N.D. Ga. July 1, 2008) (Martin, J.). Here, Defendants cannot do so. Their motion fails on the threshold inquiry of establishing a "deprivation of privacy" because the October 31 Order already bars the government from accessing these documents, and they cannot establish that these materials lack evidentiary value or are not needed for judicial review.

---

[2] In 2002, Rule 41(e) was reclassified as Rule 41(g). The Eleventh Circuit has recognized that "earlier cases interpreting Rule 41(e) also apply to the new Rule 41(g)." *United States v. Garza*, 486 F. App'x 782, 784 n.3 (11th Cir. 2012).

### 1. Defendants cannot establish that they are aggrieved by any deprivation of property when they already have the documents at issue and the government cannot access them.

"Rule 41(g) is concerned with those whose property or privacy interests are impaired by the seizure." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010), *abrogation on other grounds recognized by Demaree v. Pederson*, 807 F.3d 870 (9th Cir. 2018). Defendants cannot establish any impairment of a property or privacy interest in light of the October 31 Order.

As an initial matter, Defendants cannot show any deprivation of property related to the Yahoo emails, which were collected from C.S.'s account, because Defendants never owned the personal email account of its employee. *See United States v. Hamilton*, No. 1:16-CR-0072-AT-JKL, 2016 WL 4787279, at *3 (N.D. Ga. June 3, 2016), *report and recommendation adopted*, No. 1:16-CR-0072-AT, 2016 WL 4821232 (N.D. Ga. Sept. 12, 2016) (denying Rule 41(g) motion because property defendant sought to recover "belongs to a third party"); *United States v. Norris*, No. 1:05-CR-479-JTC, 2006 WL 8425351, at *4 (N.D. Ga. Mar. 1, 2006) (denying Rule 41(g) motion for property that "belonged to or were in the names of third persons"). Defendants have never had possession of the personal email account

belonging to C.S., nor has the government impaired or impeded any possession of this account in any way.[3]

Defendants also cannot show any deprivation of property because the government did not seize the AOL and Yahoo emails from Defendants, which have maintained possession of the AOL emails at all times. The government collected the emails at issue based on warrants served to AOL and Yahoo, which produced copies of emails stored on their servers. (Doc. 166 at 3). Therefore, the government only received copies of emails to which Wheat and C.S. always maintained access. At no time did the government's warrants deprive Defendants of access to, or possession of, the property at issue in Defendant's motion. Accordingly, no property interest was ever infringed.

Defendants do have a privacy interest that was impacted by the government's warrants, but any impairment of privacy interests related to the emails at issue was eliminated by the October 31 Order. Based on that order, the government cannot view or access any of the emails that Defendants seek to destroy—the potentially privileged documents that were not part of the Step-Two subset—and the government is not infringing on any privacy interest related to those emails.

---

[3] For reasons stated in prior briefs, the government submits that Defendants have no possessory interest in the Yahoo account. (Doc. 44 at 4–6; Doc. 119).

*Cf. United States v. Garcon*, 406 F. App'x 366, 369–70 (11th Cir. 2010) (denying Rule 41(g) motion when government "no longer had possession" of property). Defendants do not identify, much less prove, any impairment of a privacy interest when the government cannot even view these emails. The October 31 Order completely safeguards Defendants' privacy interests in these emails by prohibiting the government from accessing them, rendering the motion moot.

Defendants cite no precedent granting a Rule 41(g) motion for emails collected pursuant to lawfully issued search warrants, and the government has found none.[4] Because the October 31 Order safeguards any privacy interests from government infringement, there is no basis to impose an unprecedented remedy here. For these reasons alone, Defendants' motion should be denied.

2. **Defendants cannot show that preservation of emails is unreasonable based on their evidentiary value to establish authenticity or in the event of a waiver, and retention is needed to preserve the record.**

Even if Defendants could have established an ongoing property or privacy interest in the emails they seek to destroy, they cannot establish that retention is

---

[4] Defendants cite dicta from *United States v. Ganias*, 824 F.3d 199 (2d Cir. 2016) (en banc), and *United States v. Matter of Search of Info. Associated With Fifteen Email Addresses Stored at Premises Owned*, No. 2:17-CM-3152-WC, 2017 WL 4322826 (M.D. Ala. Sept. 28, 2017), to suggest that Rule 41(g) provides a remedy here, (Doc. 166 at 6–7), but they ignore the holdings of these cases, which did not require the government to destroy electronic data, as discussed below.

unreasonable while the criminal prosecution is pending. Defendants suggest that the Court erred in permitting the government to maintain a copy of all emails collected from AOL and Yahoo in the October 31 Order, but they incorrectly dismiss the evidentiary value of these documents. While the government may not access these documents without prior Court approval pursuant to that order, these potentially privileged documents may be necessary to authenticate the Step-Two results, could be used as substantive evidence if a participant waives privilege, and would be vital to preserve for judicial review.

Although Defendants contend they "cannot envision . . . what instances the Court 'may need the full image or collection to establish authenticity,'" (Doc. 246 at 8), courts have repeatedly recognized that the full email collection may be necessary to authenticate specific emails presented at trial. *See, e.g., United States v. Lee*, No. 1:14-CR-227-TCB-2, 2015 WL 5667102, at *15 (N.D. Ga. Sept. 25, 2015) (permitting the retention of Google's full production "while these proceedings remain pending" because the full production "may be necessary for authentication" and collecting cases); *Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 n.10 (D.D.C. 2014) (finding "valid" argument that destroying full production of emails could "hinder the government's 'ability to lay a foundation

for evidence and establish authenticity'"); *United States v. Matter of Search of Info. Associated With Fifteen Email Addresses Stored at Premises Owned*, No. 2:17-CM-3152-WC, 2017 WL 4322826, at *9–10 (M.D. Ala. Sept. 28, 2017) (rejecting proposal to destroy non-pertinent emails based on "plausible" concern that deletion of non-pertinent emails could corrupt metadata associated with responsive emails); *see also United States v. Ganias*, 824 F.3d 199, 215 (2d Cir. 2016) (en banc) ("Preservation of the original [digital] medium or a complete mirror may therefore be necessary in order to safeguard the integrity of evidence that has been lawfully obtained or to authenticate it at trial."). Even if authentication without the full email collection were possible, "[t]he weight of digital evidence . . . may be undermined by challenges to its integrity—challenges which proper preservation might have otherwise avoided." *Ganias*, 824 F.3d at 215 n.33.

Defendants suggest that the government's rejection of its proposed partial stipulation revealed the government's "true" (and, naturally, far more sinister) motive to "extract unrelated evidentiary concessions." (Doc. 246 at 8). Not so. The proposed stipulation simply fails to address the authenticity concern raised in these cases. The issue is not whether missing emails may "serve as a basis to challenge . . . authenticity," (*Id.* at 7), but whether the government may need the full email collection to rebut an authenticity challenge. *See Lee*, 2015 WL 5667102,

8

at *15 (collecting cases). By reserving the right to challenge authenticity, the proposed partial stipulation does not address this evidentiary need in any way, but serves only to hamstring the government's ability to rebut any such challenge.

Aside from the authenticity concern, the retention of the full email collection is necessary in case of a waiver of privilege and to preserve the record for review. Defendants dismiss these concerns in a single sentence, claiming that they are "*not evidentiary issues.*" (Doc. 246 at 9). But the potential waiver of privilege *is* an evidentiary issue. If C.S. or another participant in privileged emails chose to waive privilege, the government would seek a Court order permitting it to access emails presently segregated as potentially privileged. Documents within the scope of the warrants could then be used as substantive evidence. The potential evidentiary value of these emails requires preservation, even though the government cannot access them absent a waiver and Court order.

Defendants' dismissive response to the need to preserve these emails for the record is troubling. Even if a complete record for judicial review is not an "evidentiary" concern, it is no less a meaningful consideration that justifies the retention of the full collection. As the Court is well aware, Defendants are seeking the suppression of all evidence obtained from the email warrants based

9

on challenges to the two-step process and the alleged intrusion into privileged communications. (Docs. 138, 188, 200). Although Defendants fell far short of their burden of proving prejudice from any intrusion into privilege, (Doc. 201 at 19–20), they seek an evidentiary hearing in an effort to establish a "full accounting of what the entire prosecution team has reviewed." (Doc. 188 at 20). In light of these claims, the destruction of potentially privileged documents would not only render their request moot, but also foreclose this Court's, and the Eleventh Circuit's, ability to review the record for any evidence of prejudice.

In short, Defendants' request for the destruction of email records obtained from lawfully issued warrants fails to promote any privacy interest when the government already cannot access these documents, but would undermine important evidentiary and judicial interests. The Court should not reverse its prior order permitting the government to retain these emails. (Doc. 203 at 2).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Defendants' motion for the return of property seized from AOL and Yahoo. (Doc. 166).

                                                 Respectfully submitted,

                                                 BYUNG J. PAK

*United States Attorney*

/s/ NATHAN P. KITCHENS
    *Assistant United States Attorney*
  Georgia Bar No. 263930
  Nathan.Kitchens@usdoj.gov


/s/ CASSANDRA J. SCHANSMAN
    *Assistant United States Attorney*
  Georgia Bar No. 183184
  Cassandra.Schansman@usdoj.gov


/s/ KELLY K. CONNORS
    *Assistant United States Attorney*
  Georgia Bar No. 504787
  Kelly.Connors@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

May 3, 2019

/s/ NATHAN P. KITCHENS

NATHAN P. KITCHENS

*Assistant United States Attorney*