**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA,

v.

JARED WHEAT, JOHN
BRANDON SCHOPP, and HI-
TECH PHARMACEUTICALS,
INC.,

      Defendants.

No. 1:17-CR-0229-AT-CMS

**DEFENDANTS JARED WHEAT AND HI-TECH PHARMACEUTICALS,
INC.'S SUPPLEMENT TO MOTION FOR *IN CAMERA* REVIEW BEFORE
*FRANKS* HEARING**

COME NOW Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc., by

and through their undersigned counsel, and file this supplement to their Motion for

*In Camera* Review Before *Franks* Hearing.  Doc. 377.

**Statement of Facts**

Defendants' motion asked for *in camera* review of all material within the

scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States,* 405

U.S. 150, 154 (1972) related to Agent Kriplean's affidavit, which is the subject of

the *Franks* hearing.  Doc. 377.

On February 25, 2021, AUSA Kitchens informed this Court and defense counsel that he had reviewed communications between Agent Kriplean and the USAO related to the September 2017 search warrant and saw no *Brady/Giglio* material.  Doc 380-1 at 1-2.

On March 1, 2021, this Court directed the Government to provide all communications between Agent Kriplean and the USAO relating to the September 2017 search warrant, for *in camera* review prior to the March 10, 2021 *Franks* hearing.  Doc. 380-1.

On March 5, 2021 at 6:15 p.m., AUSA Kitchens provided defense counsel with Jencks Act documents.  Those documents were fiercely redacted:  for example, Kriplean's September 25, 2017 report of investigation is almost entirely redacted, with the exception of the sentences "Coordinated with AUSA on search warrant and Superseding Indictment preparation" and "During this reporing period, SA Kriplean drafted a search warrant affidavit for multiple locations associated with Hi-Tech Pharmaceuticals, In., in the Atlanta, GA area."  Attached as EXHIBIT E.  And the Government disclosed only 28 lines of Agent Kriplean's testimony before the grand jury on September 28, 2017 in connection with the first superseding indictment.  Attached as EXHIBIT F.

## ARGUMENT AND CITATION OF AUTHORITIES

Although the Government made several non-specific claims of privilege without factual support with regard to communications between its office and Agent Kriplean, it did not assert any claims of privilege with respect to the Jencks Act material it was obliged to provide in advance of the *Franks* hearing.[1]  Doc. 380-1.

Given the sweeping redactions to its Jencks Act production, the Government must provide Defendants and the Court with a privilege log clearly identifying each redacted document by author(s), addressee(s), recipient(s), date, and general subject matter and all other identifying data and describe the legal privilege it asserts to justify its nondisclosure.  The Government must also provide non-redacted versions of all documents to this Court for *in camera* review.  Defendants ask that these non-redaction versions be sealed and made part of the record in this case.

The transcripts of Agent Kriplean's grand jury testimony for both the original and first superseding indictment must be provided to Defendants immediately.  "The Jencks Act applies to any witness statement in the United States's possession that relates to the subject matter of the witness's direct testimony."  *United States v.*

---

[1] The Government provided no communications between Agent Kriplean and the OASU; Defendants anticipate those communications have already been provided to this Court for *in camera* review.

*Delgado,* 56 F.3d 1357, 1364 (11th Cir. 1995); *see also* 18 U.S.C. § 3500. Due to the fact that the Government intends to claim at the *Franks* hearing that Agent Kriplean's misrepresentations and omissions related to the Controlled Substances Act and the FCC testing results of Hi-Tech's products were the product of his legal and factual ignorance, Doc. 385 at 6-8, rather than intentionally and/or recklessly designed to mislead Magistrate Judge Vineyard, all colloquies with the grand juries during which Agent Kriplean was present must also be immediately disclosed. *Brady,* 373 U.S. at 87; *Giglio,* 405 U.S. 150, 154 (1972); *United States v. Bagley,* 473 U.S. 667, 676 (1985); *see also* 380-2 (United States Attorney for the Northern District of Georgia Office Policies and Procedures).

WHEREFORE, Defendants respectfully pray that this Court order the Government to provide Defendants with a privilege log; provide this Court with unredacted documents for *in camera* review which will become a sealed part of the record; and order immediate production of all portions of the grand jury proceedings at which Agent Kriplean testified and/or was present, which should also be made a part of the record as a sealed exhibit, and for such other and further relief as this Court deems just and proper.

This 8th day of March, 2021.

/s/ *Bruce H. Morris*

Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road NW
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
  *Counsel for Defendant*
  *Jared Wheat*

/s/ *James K. Jenkins*

James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
  *Counsel for Defendant*
  *Jared Wheat*

/s/ *Arthur W. Leach*

Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
  *Counsel for Defendant*
  *Hi-Tech Pharmaceuticals, Inc.*

/s/ *Jack Wenik*

Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
  *Counsel for Defendant*
  *Hi-Tech Pharmaceuticals, Inc.*

MICHAEL PRICE
Sr. Litigation Counsel, Fourth Amendment Center
National Association of Criminal Defense Lawyers
1660 L St. NW, 12th Floor
Washington, D.C. 20036
(202) 465-7615
*Of Counsel\**

\* The NACDL Fourth Amendment Center provides training and direct litigation assistance to defense lawyers in cases involving new technologies and challenges to privacy rights in the digital age. In recognition of the significant search and seizure issues raised by this case, and at the request of defense counsel, the NACDL Fourth Amendment Center has provided pro bono assistance for the limited purpose of preparing of this motion.