# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JARED WHEAT, JOHN BRANDON SCHOPP, and HI-TECH PHARMACEUTICALS, INC., <br><br> Defendants. | No. 1:17-CR-0229-AT-CMS |

### DEFENDANTS JARED WHEAT, HI-TECH PHARMACEUTICALS, INC.'S, AND BRANDON SCHOPP'S *BRADY* MATERIALITY SHOWING AND MOTION FOR FORTHWITH PRODUCTION OF *BRADY/GIGLIO/*JENCKS ACT INFORMATION

COME NOW Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc., and Brandon Schopp, by and through their undersigned counsel, and respectfully submit the following showing of materiality and request for forthwith production of information pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. United States,* 405 U.S. 150 (1972); and 18 U.S.C. § 3500.

## Introduction

At the first day of testimony on Defendants' *Franks v. Delaware* motion (Doc. 191), Agent Brian Kriplean testified that he received direction from lawyers

in the FDA and the United States Attorney's Office for the Northern District of Georgia in preparing his affidavit for a search warrant application he presented to Magistrate Judge Vineyard on September 28, 2017. That direction included both adding and removing language from the affidavit before it was finalized. Additionally, based on defense counsels' recollections,[1] Agent Kriplean testified the affidavit (and perhaps related documents) were revised a number of times before being finalized.

On appeal of this Court's Report and Recommendation denying Defendants' a *Franks* hearing (Doc. 314), Judge Totenberg summarized the affidavit's alleged omissions in her November 6, 2020 order:

- FCC testing showed only trace amounts of anabolic steroids in the Hi-Tech products "not sufficient to render the products illegal";
- these trace amounts were revealed only after multiple rounds of increasingly precise testing;
- the prohormone in the relevant substances was DHEA, a legal substance;
- "trace amounts of anabolic steroids may remain in DHEA products as a result of the manufacturing process."

Doc. 363 at 6.

Because Judge Totenberg has found that these alleged omissions were material, that finding is now the law of the case. *This That and The Other Gift and*

---

[1] Defendants do not yet have a transcript of the March 10, 2021 proceedings.

*Tobacco, Inc. v. Cobb County,* 439 F.3d 1275, 1283 (11th Cir. 2006) (the law of the case doctrine "operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal.")  So too is Judge Totenberg's adoption of this Court's finding that the Government only disputed the question of materiality and did not refute Defendants' allegations that the affidavit omitted and/or represented these facts.  Doc. 314 at 10; Doc. 363 at 6.[2]  The remaining issues for this Court's decision are whether Defendants can show by a preponderance of the evidence: (1) that the four facts identified above were indeed not included in the affidavit; and (2) that Agent Kriplean omitted these facts intentionally or with reckless disregard for the truth.  Additionally, based on her independent review, Judge Totenberg found that Agent Kriplean's "affidavit did not suggest that the searches would result in the discovery of evidence of other crimes, and it is clear that the warrant application based its assertion of probable cause entirely on the fact that the Hi-Tech products contained anabolic steroids."  Agent

---

[2] As a result, this Court must decline the Government's belated request to re-open this issue following the *Franks* hearing.  Defendants' motion for a *Franks* hearing put the Government on notice as to the issues it raised, and the Government had a full and fair opportunity to raise all arguments in response to it.  By failing to dispute Defendants' allegations of misrepresentations and/or omissions in the affidavit, the Government is now precluded from reopening and relitigating that element of *Franks*.  *See United States v. Paul,* 631 Fed. App'x 720, 723 (11th Cir. 2015) (law of the case doctrine prevents a party from raising new arguments to relitigate claims).

3

Kriplean's March 10, 2021 testimony on that point cannot be reconciled with this finding.[3]

## Statement of Facts

At the beginning of the *Franks* hearing on March 10, 2021, the Court acknowledged that the Government had provided communications to the Court for *in camera* review between Agent Kriplean and a lawyer from the FDA related to Agent Kriplean's affidavit, included some edits and a redline word document. Based on defense counsels' recollections,[4] the Government did not provide any communications between Agent Kriplean and any member of the USAO or any other Government agent to this Court pursuant to Defendants' request for *in camera* review. Doc. 377.

### ARGUMENT AND CITATION OF ATUHORITIES

**A. DEFENDANTS ARE ENTITLED TO ALL COMMUNICATIONS AND OTHER WRITTEN MATERIAL, INCLUDING DRAFTS OF THE AFFIDAVIT AND ATTACHMENTS, CONCERNING THE CONTENTS OF AGENT KRIPLEAN'S AFFIDAVIT UNDER *BRADY/GIGLIO* AND/OR 18 U.S.C. § 3500.**

Based on defense counsels' recollections,[5] Agent Kriplean testified on March 10, 2021 that he originally included a paragraph in his affidavit explaining the

---

[3] *See* fn. 1, *supra*.
[4] *Id.*
[5] *Id.*

4

difference between the felony offense of misbranding and the misdemeanor offense of misbranding under 21 U.S.C. § 331(1)(a): that the former requires proof of intent to defraud or mislead. *Compare* 21 U.S.C. § 333(a)(1) *with* 21 U.S.C. § 333 (a)(2). However, he testified that an AUSA reviewed the affidavit and directed him not to disclose that information to the reviewing magistrate.[6] Because Agent Kriplean's *mens rea* bears directly on the issues before this Court, all communications Agent Kriplean had with any person concerning the contents of his affidavit as well as all drafts of the affidavit are material, fall within *Brady/Giglio* and/or the Jencks Act and must be produced.

    Because it is an appellant's duty to ensure that a complete record is provided to the reviewing court, Defendants request that all materials provided by the Government for any *in camera* review prior to disclosure be made a sealed part of the record in this matter. *Vaughn v. Britton,* 740 F.2d 833, 835 (11th Cir. 1984).

---

[6] The documents establishing this fact were not provided to defense counsel prior to the hearing; defense counsel learned of it for the first time during Agent Kriplean's cross-examination testimony.

B. **BECAUSE THESE MATERIALS ARE ESSENTIAL TO DEVELOPING EVIDENCE SUFFICIENT TO ENSURE A FAIR DETERMINATION OF DEFENDANTS'** *FRANKS* **MOTION, DEFENDANTS REQUEST THAT THE REMAINDER OF AGENT KRIPLEAN'S CROSS-EXAMINATION BE CONTINUED TO PROVIDE DEFENDANTS THE OPPORTUNITY TO REVIEW THESE MATERIALS.**

Agent Kriplean is currently scheduled to conclude his testimony tomorrow, March 11, 2021. The Court has stated it intends to afford the defendants one hour to complete cross-examination and an additional hour to the Government for redirect examination. Dr. Thomas Brueggemeyer is also set to testify tomorrow, and the Court has given the Government one hour for its direct examination and the Defendants a total of two hours for cross-examination.

Without sufficient time to review the materials this Motion requests and investigate any issues related to their contents, Defendants cannot conclude their cross-examination of Agent Kriplean, the key witness for purposes of Defendants' *Franks* motion.[7] Defendants thus request a recess of at least 48 hours before the balance of Agent Kriplean's testimony. Defendants remain prepared to proceed with Dr. Brueggemeyer's testimony tomorrow.

---

[7] At the March 9, 2021 hearing, the Court informed the parties that the Defendants were entitled to portions of two documents following the Court's *in camera* review. At the time of this filing, the Government has not provided this information to the Defendants.

WHEREFORE, Defendants respectfully pray that this Court order the Government to produce forthwith all communications from any Government agent including, but not limited to, Agent Kriplean, any FDA lawyer and any AUSA concerning the contents of his affidavit in support of the September 28, 2017 application for search warrant and maintain any documents submitted for *in camera* review in a sealed envelope in the Court's record regardless of whether they are produced to the Defendants.  If further information is provided pursuant to this Motion, Defendants respectfully request that the balance of Agent Kriplean's testimony be continued for two days, to permit Defendants sufficient time to review these documents and perform any necessary investigation in response to their contents, and for such other and further relief as this Court deems just and proper.

This 11th day of March 2021.

| | |
|---|---|
| /s/ *Bruce H. Morris* | /s/ *Arthur W. Leach* |
| Bruce H. Morris | Arthur W. Leach |
| Georgia Bar No. 523575 | Georgia Bar No. 442025 |
| Finestone Morris & White | The Law Office of Arthur W. Leach |
| 3340 Peachtree Road NW | 5780 Windward Parkway, Suite 225 |
| Atlanta, Georgia 30326 | Alpharetta, Georgia 30005 |
| 404-262-2500 | 404-786-6443 |
| BMorris@FMattorneys.com | Art@ArthurWLeach.com |
| *Counsel for Defendant* | *Counsel for Defendant* |
| *Jared Wheat* | *Hi-Tech Pharmaceuticals, Inc.* |

/s/ James K. Jenkins
James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
   *Counsel for Defendant*
   *Jared Wheat*

/s/ Jack Wenik
Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
   *Counsel for Defendant*
   *Hi-Tech Pharmaceuticals, Inc.*

/s/ Ann M. Roan
Ann M. Roan
Law Offices of Ann M. Roan LLC
4450 Arapahoe Ave., Suite 100
Boulder, CO  80303
303-448-8818
ann@annroanlaw.com
Admitted Pro Hac Vice
   *Counsel for Defendant*
   *Jared Wheat*