IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 1:17-CR-0229-AT-CMS |
| | ) |
| JARED WHEAT, JOHN BRANDON SCHOPP, and HI-TECH PHARMACEUTICALS, INC. | ) |

**JOINT STATUS REPORT REGARDING *DAUBERT* HEARINGS AND *FRANKS* HEARING**

Defendants Jared Wheat, John Brandon Schopp, and Hi-Tech Pharmaceuticals, Inc., and the United States, by and through undersigned counsel respectfully submit the following Joint Status Report relating to both the *Daubert* and the *Franks* issues.

**1. The *Daubert* Motions**

The parties submitted multiple motions, Docs. 317, 318, 319, 320, 321, 322, and 323, challenging the admissibility of the testimony/opinions of various experts pursuant to *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and its progeny.

The parties agreed that an evidentiary hearing was required to resolve the *Daubert* challenges to Government experts Anissa Caroline Machal Kelley, Merrie Powell Jackson, Enrique Yanes Santos and John Bradley Mangrum raised in Docs. 318 and 319, and the challenges to the reliability and qualifications of Defendants' experts Steven J. Bannister, Marvin A. Heuer, M.D. and Gregory L. Hillyer raised in Doc. 321.  The Court conducted said hearing on December 15, 16, and 18, 2020 via Zoom technology.

Subsequent to the hearing, the parties held a "meet and confer" and agreed to withdraw the challenges to each sides' respective experts who testified at the hearing based on the grounds raised at the hearing, including the experts' qualifications, methodology chosen, or application of said methodologies.  Toward this end, on January 14, 2021, Defendants emailed a draft stipulation to the Government to reflect this agreement noting that it was "…limit[ed] … to the witnesses who testified under the assumption that each of us wanted to preserve their other challenges such as ours against Chiapperino or yours against Levin."

Although the Government declined to enter into Defendants' proposed stipulation, it is the Defendants' understanding that there is a meeting of the minds on this issue and, accordingly, a report and recommendation regarding the *Daubert* hearing is not needed from the Court.

During the course of the *Daubert* hearing, defense counsel first became aware that (due to the departure from Epstein, Becker & Green of one of the defense attorneys) the Government had not been provided an updated list of references/materials for Defendants' experts. On January 22, 2021, Defendants rectified this oversight and provided updated expert disclosures to the Government.

During the course of the *Daubert* hearing, Gregory Hillyer mentioned a slide deck regarding steroids. Defendants state that the "document" in question is an incomplete demonstrative exhibit that Defendants' counsel, in collaboration with its experts, has been working on. The Government contends that this item is discoverable because Mr. Hillyer testified that he used the powerpoint in his opinions and that it was relevant to his testimony. Defendants contend that the slide deck is protected work product and its production is not called for by Fed. R. Crim. P. 16(b)(1)(C). This issue remains unresolved.

### 2. The *Franks* Motion

#### a. Factual Background

Testimony on Defendants' *Franks* motion on March 10 and 12, 2021, revealed that the affidavit[1] Agent Brian Kriplean presented to Magistrate Judge Vineyard on

---

[1] Unless context indicates otherwise, this pleading uses "affidavit" to refer both to Agent Kriplean's affidavit and Attachment B to that affidavit.

September 28, 2017 had gone through prior drafts, beginning in April of 2017. During this period, at least two other Government employees, FDA attorney Shannon Singleton and then-AUSA Steve Grimberg, participated in crafting the final affidavit. The Court initially reviewed a prior draft that reflected Ms. Singleton's redline edits *in camera* before the hearing began. Doc. 393 at 5:13-23. Following that review, the Court concluded that the Defendants were not entitled to disclosure of that draft or other documents submitted *in camera* within the range Kriplean Emails_003996 and Kriplean Emails_005613. *Id.* As Agent Kriplean's testimony proceeded, Defendants repeatedly requested access to prior drafts. *See, e.g.* Doc. 393 at 182:9-19; 228:18-23; 252:2-3; 274:9-13; Doc. 394 at 321:1-3, 9-17. The Government repeatedly objected, arguing attorney work product. *See, e.g.,* Doc. 393 at 230: 12-17; 246: 18-24; 250: 6-10; 274:19 – 275:5. The Court indicated that if changes were made, "I want to know what changes were made, if Steve Grimberg did it or Shannon or Special Agent Kriplean did it, what changes were made that are relevant to what Judge Totenberg thinks are the omissions …." Doc. 393 at 249:1-5. However, as Agent Kriplean's cross-examination was concluding on the second day of the hearing, the Court ordered the Government to provide "a copy of that

affidavit that I saw that's in the materials."  Doc. 394 at 321:20-23.[2]  When the Government repeated its work product privilege objection, the Court responded that the Government was free to immediately stop the hearing and appeal its ruling to Judge Totenberg, which the Government declined to do.  Doc. 394 at 323:10-22. The Court made that order during the last ten minutes of Agent Kriplean's cross-examination. Doc. 394 at 323:23 – 324:1.  The Government emailed a copy of the document to Defendants during their redirect of Agent Kriplean, and the Court refused Defendants' request for further cross-examination at that time.  Doc. 394 at 356:17 – 357:13.  At the end of the day, the Court acknowledged that Defendants "want to ask some more questions, maybe about the affidavit – I mean about the warrant, the warrant affidavit.  So y'all think about how to present that and what a good path is."  Doc. 394 at 475:8-11.

Between March 18, 2021 Defendants and the Government have conferred on this issue several times, through email and an hour-plus conference call on April 2, 2021.  Defendants asked the Government to furnish *all* prior drafts of the affidavit and the communications documenting the considerations and decisions about

---

[2] The Government contends that this redlined draft by Ms. Singleton was only one of the drafts provided to the Court for review *in camera*, and that the Court clarified that it was ordering the production of only the redlined draft "that has the Shannon Singleton edits."  Doc. 394 at 322:12-13.

various versions of the affidavit.  Defendants also asked the Government to agree to reconvene the *Franks* hearing, to complete their cross-examination of Agent Kriplean.  On March 23, 2021, AUSA Nathan Kitchens emailed the Defendants that he disagreed that further cross-examination was necessary.  AUSA Kitchens also provided another draft of the affidavit that had not been given to this Court for *in camera* review before the *Franks* hearing.  AUSA Kitchens subsequently explained that he asked Agent Kriplean prior to the hearing to provide all communications with the U.S. Attorney's Office and FDA counsel based on Defendants' requests. AUSA Kitchens further explained that because this draft was never communicated to counsel for the Government, it was not provided to the Court prior to the hearing and was located based on Defendants' subsequent request for all prior drafts of the affidavit.  AUSA Kitchens explained that he was providing it under the Court's order during the *Franks* hearing.  That draft is an electronic file labeled "sw affidavit April 2017 4 sites."  On March 25, 2021, Mr. Leach emailed a letter to AUSA Kitchens explaining that comparing the two drafts with the final affidavit demonstrated that additional drafts must also exist.  Mr. Leach requested four things: all drafts of affidavits and any other documents that reflect edits or suggested edits; all metadata associated with those drafts and/or documents; all communications related to any affidavit drafts or edits; and the metadata associated with those communications.  On

March 29, 2021, Carl Lietz emailed a letter to AUSA Kitchens noting that the draft affidavits did not contain the terms "certificates of free sale, GMP certifications, [or] GMP audit reports," which was inconsistent with Agent Kriplean's testimony at the hearing that, "I know certainly from the very beginning Attachment B included terms related to" the GMP counts in the indictment, Doc. 393 at 243:11-16, and that Agent Kriplean wrote that language, Doc. 265:10-23.  Mr. Lietz requested all prior drafts pursuant to *Brady*, as well as the Court's prior order.  AUSA Kitchens subsequently confirmed in an email to Mr. Lietz that then-AUSA Grimberg inserted the references to GMP documents.  On March 30, 2021, AUSA Kitchens replied to both, stating, "We have reviewed your requests, and the requested documents either do not exist or are not subject to production."  The Government contends that only two other drafts exist—Agent Kriplean's initial draft sent to Ms. Singleton on September 14, 2017 and the draft sent to then-AUSA Steven Grimberg on September 18, 2017—and that Defendants effectively already have the September 14th draft based on Ms. Singleton's redline and that the Court did not order the production of the draft sent to AUSA Grimberg, which was submitted to the Court *in camera* at Kriplean Emails_005582. Despite additional discussion on April 2, 2021, the parties' differences are unresolved.

### b. Areas of Disagreement Between the Parties

(1) Defendants have asked the Government to make necessary inquiries and produce *all* prior drafts and edits[3] of the search warrant affidavit and all communications relating to these prior drafts. The Government contends that the two additional drafts are protected work product and their production is not called for by *Brady* or *Giglio*, and all communications relating to these drafts were provided for *in camera* review by the Court, which determined that they were not subject to production.

(2) Defendants have asked the Government to furnish all metadata associated with all the prior drafts and any electronic communications regarding those drafts so that they can ascertain why and when changes were made to the affidavit and by whom. The Government contends that there is no basis for the production of the metadata; that it is not certain if the USAO has the technical ability to produce it; and that metadata would have no probative value for issues in the *Franks* hearing.

(3) Defendants have asked to reconvene the evidentiary hearing to afford them the chance to cross-examine Agent Kriplean based on the draft affidavits provided to date, as well as the additional information they seek. The Government

---

[3] "Edits" includes all comments and any replies to the comments contained in a redlined version of a draft, as well as which of those edits were accepted and rejected, by whom, and when.

does not agree to further questioning of Agent Kriplean because it contends that none of the edits made in the drafts relates to any of the alleged omissions raised in the *Franks* motion, and otherwise disagrees with Defendants' position that this additional testimony bears on Agent Kriplean's credibility and the warrants' execution.

### c. The Next Stages

Defendants plan to file a motion and brief for additional discovery and to reconvene the *Franks* hearing to permit cross-examination of Agent Kriplean within the next seven (7) days (or whenever the Court directs). The Government respectfully submits that the Court should inform the parties whether a status conference or further briefing would be most helpful to its resolution of these issues.

Should this Court deny that motion in whole or in part, Defendants respectfully ask that this Court permit them to take these issues to District Judge Totenberg prior to final briefing on their *Franks* motion, consonant with the Court's similar offer to the Government during the hearing with respect to its work product assertions. *See* Doc. 394 at 323:17-21. Defendants contend that this approach maximizes judicial economy by avoiding the potential for a remand to reconvene the *Franks* hearing with additional discovery following post-hearing briefing.

After these issues are resolved, the Government proposes that the Court enter a scheduling order providing that Defendants have one month to submit a posthearing brief on the *Franks* motion, the Government have one month to file a responsive brief, and Defendants have two weeks to file a reply brief.

This 9th day of April 2021.

/s/ Bruce H. Morris

Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road NW
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
  *Counsel for Defendant*
  *Jared Wheat*

/s/ Arthur W. Leach

Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 3000
404-786-6443
Art@ArthurWLeach.com
   *Counsel for Defendant*
   *Hi-Tech Pharmaceuticals, Inc.*

/s/ James K. Jenkins

James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
   *Counsel for Defendant*
   *Jared Wheat*

/s/ Jack Wenik

Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
    *Counsel for Defendant*
     *Hi-Tech Pharmaceuticals, Inc.*

/s/ *Ann M. Roan*
Ann M. Roan
Law Offices of Ann M. Roan LLC
4450 Arapahoe Ave., Suite 100
Boulder, CO  80303
303-448-8818
ann@annroanlaw.com
Admitted Pro Hac Vice
 *Counsel for Defendant*
 *Jared Wheat*

/s/ *Nathan P. Kitchens*
Nathan P. Kitchens
Georgia Bar No. 263930
600 U.S. Courthouse
75 Ted Turner Dr. SW
Atlanta, GA 30303
nathan.kitchens@usdoj.gov
*Counsel for the United States*

/s/ *Carl Lietz*
W. Carl Lietz, III
Georgia Bar No. 452080
Finch McCranie, LLP
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-658-9070
carl@finchmccranie.com
 *Counsel for John Brandon Schopp*

/s/ *Kelly K. Connors*
Kelly K. Connors
Georgia Bar No. 504787
600 U.S. Courthouse
75 Ted Turner Dr. SW
Atlanta, GA 30303
kelly.connors@usdoj.gov
*Counsel for the United States*

/s/ *D'Juan B. Jones*
D'Juan B. Jones
Georgia Bar No. 857445
600 U.S. Courthouse
75 Ted Turner Dr. SW
Atlanta, GA 30303
d'juan.jones@usdoj.gov
*Counsel for the United States*