#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF GEORGIA
#### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 1:17-CR-0229-AT-CMS |
| | ) |
| JARED WHEAT, JOHN | ) |
| BRANDON SCHOPP, and | ) |
| HI-TECH PHARMACEUTICALS, INC. | ) |

### DEFENDANTS' MOTION FOR CLARIFICATION

COME NOW Defendants Jared Wheat, John Brandon Schopp and Hi-Tech Pharmaceuticals, Inc., by and through undersigned counsel, and move this Court for clarification of its Order entered on April 13, 2021. Doc. 400. In support of this request, Defendants respectfully show the following:

1. On March 10 and 12, 2021, this Court held hearings on Defendants' *Franks* motion. Immediately prior to the conclusion of the testimony of Agent Brian Kriplean, the affiant on the search warrants in question, the Court ordered the Government to produce a draft of Agent Kriplean's affidavit that had been edited by FDA lawyer Shannon Singleton. Doc. 394 at 321:20-23. Defendants did not receive that document until their cross-examination had concluded. Doc. 394 at 356:17 – 357:13.

2. This Court delayed ruling on Defendants' subsequent request for additional cross-examination, explaining, "I think you're going to have to explain to me what you would ask that you didn't get to ask, and we'll look at the transcript and see if we think that's necessar[y.]" Doc. 394 at 356:24-357:2. [1]

3. After meeting and conferring with the Government, substantial areas of disagreement remained concerning the need for further discovery and further cross-examination based on that discovery in order to complete the *Franks* hearing. The Joint Status Report noted this, and also described Defendants' intention to file a motion in support of its discovery request for this Court's consideration. Doc. 399 at 8-9.

4. After receiving the Joint Status Report, the Court entered its April 13, 2021 Order. Doc. 400. Regarding the ongoing *Franks* issue, the Court directed the parties to file simultaneous briefs by May 14, 2021, to reflect what the testimony from the March 10 and March 12, 2021 hearings established about:

> (1) the information that the agents had *at the time they applied for the warrant*; (2) whether Defendants' allegations detailed above in Judge Totenberg's Order are supported by the evidence; and (3) whether the information that the agents had *at the time they applied*

---

[1] At the time of this colloquy, the Court was operating under its previously-announced plan to complete no more than three hours of testimony from Dr. Thomas Brueggemeyer (the supervising chemist at the FCC) that day, with a "hard stop" at 2:00 pm. Doc. 393 at 282:14 – 17.

   ***for the warrant*** was sufficient to give them a reasonable basis to believe that they had probable cause to support the warrant.

Doc. 400 at 4 (emphasis in original).

 5. While the Court noted that "a motion to compel at this junction would be be premature," Doc. 400 at 2, Defendants have filed a "Motion for Discovery and to Complete the *Franks* Hearing Testimony," Doc. 401, both to perfect the record in this case and to contextualize the inadequacy of the current record as a basis to provide the information the Court requested in the May 14, 2021 briefs. Defendants respectfully submit that, without the additional documents and testimony requested by Doc. 401,[2] any conclusion as to what the agents knew at the time they applied for a warrant and whether this information was sufficient to support a belief of probable cause to support the warrant will necessarily be unreliable because it will be premised on an incompletely developed factual record. Resolving the *Franks* motion on such a basis would deprive Defendants of their due process right to a full and fair opportunity to present this issue to the Court.

 6. Defendants respectfully submit, as they did in the Joint Status Report, Doc. 399 at 9, that the Court should first determine Defendants' right to the production of

---

[2] *See also* Exhibit Y, Defendants' Sealed Offer of Proof setting out in more detail the precise lines of inquiry that Defendants submit would be pursued if the Court grants additional cross-examination of Agent Kriplean in relation to the prior drafts of the affidavit for the search warrants.

all prior drafts and communications, followed by the completion of the *Franks* hearing by additional cross-examination of Agent Kriplean based on the information produced. Defendants respectfully submit that if the Court denies either of these requests, the Court should permit Defendants to appeal these issues to District Judge Totenberg, consonant with the Court's similar offer to the Government during the hearing with respect to its work product assertions. *See* Doc. 394 at 323:17-21. After Defendants' right to discovery and continued cross-examination is resolved by either this Court or the District Court and implemented by whatever discovery and/or continued cross-examination is required, Defendants believe the record will be able to schedule and complete the briefing the Court required in its recent Order, Doc. 400 at 3-4, and then full briefing by the parties, after which the Court could enter its R&R. Other than its opposition to Defendants' request for additional discovery and testimony, the Government does not appear to disagree with the suggestion for the order of these steps. *See* Doc. 399 at 10.[3]

---

[3] To avoid any misunderstanding in the record of this case, Defendants are specifically reserving their right to have a ruling on their request for discovery and further cross-examination, as well their right to seek review by the District Court prior to the conclusions of these proceedings and their right to fully brief the *Franks* issue, as well as renew their motion to suppress on non-*Franks* issues as indicated by Judge Totenberg's November 11, 2020 Order, Doc. 363 at 10, and to appeal any adverse ruling by this Court in its R&R on the *Franks* issue.

WHEREFORE, Defendants respectfully pray that this Court enter an additional Order clarifying its April 13, 2021 Order to provide that Defendants will have an opportunity to brief or amend any submitted brief answering the three questions set out in that Order, Doc. 400 at 4, after Defendants' request for additional discovery and testimony by Agent Kriplean is fully resolved by this Court or the District Court, and that thereafter, the parties will have an opportunity to fully brief the *Franks* issue prior to this Court issuing its R&R in this matter, and for such other and further relief as this Court may deem just and proper.

This 20th day of April, 2021.

Respectfully submitted,

/s/ Bruce H. Morris                                /s/ Arthur W. Leach

Bruce H. Morris                                     Arthur W. Leach
Georgia Bar No. 523575                              Georgia Bar No. 442025
Finestone Morris & White                            The Law Office of Arthur W. Leach
3340 Peachtree Road NW                              5780 Windward Parkway, Suite 225
Atlanta, Georgia 30326                              Alpharetta, Georgia 3000
404-262-2500                                        404-786-6443
BMorris@FMattorneys.com                             Art@ArthurWLeach.com
  *Counsel for Defendant*                             *Counsel for Defendant*
  *Jared Wheat*                                       *Hi-Tech Pharmaceuticals, Inc.*

5

/s/ *James K. Jenkins*
James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
   *Counsel for Defendant*
   *Jared Wheat*

/s/ *Ann M. Roan*
Ann M. Roan
Law Offices of Ann M. Roan LLC
4450 Arapahoe Ave., Suite 100
Boulder, CO  80303
303-448-8818
ann@annroanlaw.com
Admitted Pro Hac Vice
   *Counsel for Defendant*
   *Jared Wheat*

/s/ *Jack Wenik*
Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
   *Counsel for Defendant*
   *Hi-Tech   Pharmaceuticals,   Inc.*

/s/ *Carl Lietz*
W. Carl Lietz, III
Georgia Bar No. 452080
Finch McCranie, LLP
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-658-9070
carl@finchmccranie.com
   Counsel for John Brandon Schopp